Filed 12/7/18; Certified for Publication 1/2/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ANTHONY STRATTON, | B287001 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS152046) |
| v. | |
| THOMAS E. BECK, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Edward J. Moreton Jr., Judge. Affirmed.

The Beck Law Firm, Thomas E. Beck for Defendant and Appellant.

David M. Balter for Plaintiff and Respondent.

This case began as a dispute over approximately $300 in unpaid wages. It has since transmogrified into a dispute concerning attorney fees totaling nearly 200 times that amount and is here now for the second time. In the previous appeal, appellant Thomas Beck challenged the trial court's award of attorney fees for work that respondent Anthony Stratton's attorney performed in that forum. We affirmed the trial court's ruling, holding that Stratton's motion for $31,365 in statutory attorney fees was timely and supported by substantial evidence. At the conclusion of our opinion, we stated, "In the interest of justice, the parties are to bear their own costs of appeal." (*Stratton v. Beck* (2017) 9 Cal.App.5th 483, 487, 498 (*Stratton*)). We reiterated that allocation in the ensuing remittitur: "The parties are to bear their own costs of appeal."

The parties interpreted this directive differently. Beck maintained that "costs" included attorney fees on appeal, precluding Stratton from seeking them under Labor Code section 98.2, subdivision (c). Stratton disagreed and filed a motion in the trial court seeking $114,840 in appellate attorney fees—a lodestar of $57,420, doubled in light of the complexity of the underlying issues. The trial court awarded Stratton the lodestar and denied Beck's motion to reconsider or clarify the ruling. It also awarded Stratton an additional $9,020 in fees he incurred opposing the motion to reconsider.

Beck appealed. He contends that our order on costs deprived the trial court of jurisdiction to entertain Stratton's motion for appellate attorney fees. He further argues that the trial court erred in denying his motion to reconsider or clarify, in which he requested a more thorough explanation for the appellate attorney fee award. We disagree and affirm.

# FACTUAL AND PROCEDURAL HISTORY

## I. Prior Appeal

This case began when Beck's employee of two months, Stratton, quit and claimed he was owed wages of $1,075. (*Stratton*, *supra*, 9 Cal.App.5th at p. 487.) For reasons that remain unclear, Beck's payroll service paid Stratton $771.45 rather than the $1,075 he claimed he was owed. (*Ibid.*) Stratton filed a claim for the approximately $300 difference with the Division of Labor Standards Enforcement, the state agency empowered to enforce California labor laws. (*Ibid.*) "After conducting an administrative hearing, the Labor Commissioner awarded Stratton the $303.50 he requested, plus an additional $5,757.46 in liquidated damages, interest, and statutory penalties, for a total award of $6,060.96." (*Ibid.*)

Beck sought de novo review of the Labor Commissioner's order in the Los Angeles County superior court pursuant to Labor Code section 98.2, subdivision (a). (*Stratton*, *supra*, 9 Cal.App.5th at pp. 487-488.) The trial court awarded Stratton $6,778.85, exclusive of fees and costs. (*Id.* at p. 489.) Stratton's attorney sought fees under Labor Code section 98.2, subdivision (c) ("Labor Code section 98.2(c)"), which provides: "If the party seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal. An employee is successful if the court awards an amount greater than zero." (Lab. Code, § 98.2(c).) The trial court awarded Stratton $31,365 in attorney fees. (*Stratton*, *supra*, 9 Cal.App.5th at p. 491.)

3

Beck appealed, arguing that the motion for attorney fees was untimely because the underlying civil case was limited rather than unlimited. (*Stratton*, *supra*, 9 Cal.App.5th at p. 491.) He also challenged the reasonableness of the fee award. (See *id.* at pp. 495-497.) We affirmed the trial court's judgment but directed the parties "to bear their own costs of appeal," "[i]n the interest of justice." (*Id.* at p. 498.)

We denied Beck's petition for rehearing. Beck then filed a petition for review of our decision, but the Supreme Court rejected it as untimely. The Supreme Court also denied Beck's subsequent motion for reconsideration of that decision.

Beck, an attorney who is representing himself, then reached out to Stratton's counsel, David Balter, to arrange payment of the fees. Balter informed Beck that he planned to seek appellate fees in the sum of $48,375. Beck responded by requesting authority for the proposition that Balter could pursue appellate fees in light of our order that the parties were to bear their own costs. Balter directed Beck to California Rule of Court, rule 8.278(d)(2) ("rule 8.278(d)(2)"), which provides, "Unless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702." He also cited a case and a treatise. Beck disputed the applicability of these authorities.

Several weeks later, the remittitur from our previous decision issued. Like our order, it stated, "The parties are to bear their own costs of appeal."

## II. Motion for Appellate Attorney Fees

Balter timely filed a motion in the trial court requesting appellate attorney fees pursuant to Labor Code section 98.2(c). He sought a lodestar of $57,420, to compensate for 127.6 hours of

4

work at a rate of $450 per hour, and a multiplier of two in light of "[t]he high quality work which clarifies an important issue where much confusion had existed." Balter attached a declaration and billing records documenting 113.6 of the claimed hours worked; he estimated he would incur the additional 14 hours "to: review defendant's anticipated opposition, research and prepare a reply memorandum, travel to and from the hearing, and attend the hearing to argue the motion."

Prior to filing an opposition, Beck filed a motion in this court to recall the remittitur "to clarify whether this court's disposition stating that the parties bear their own costs includes attorney fees." We denied the motion.

Beck obtained counsel, who filed an opposition to the motion for appellate fees. The opposition asserted that our directive that the parties bear their own costs "necessarily means that the parties also bear their appellate attorney fees." To support this position, it argued that statutory attorney fees are an element of costs, and that rule 8.278(d)(2) was not on point "because there was *no* award of appeal costs; on the contrary, there was a denial of any costs award." In the alternative, it argued that even if fees were authorized, the amount claimed was unwarranted due to "dubious billing entries," block billing, and lack of a basis for the claimed multiplier. The opposition did not mention the 14 estimated hours or Code of Civil Procedure section 1033, subdivision (a)[1], which vests the trial court with discretion to determine costs "in a case other than a limited civil case . . . where the prevailing party recovers a judgment that could have been rendered in a limited civil case." Balter filed a

_____

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

5

reply, and Beck's counsel filed a surreply. The surreply likewise was silent as to the 14 hours and section 1033, subdivision (a).

At the hearing on the motion, the trial court told Beck and his counsel it was "not at all persuaded" by their argument that costs include attorney fees. It further stated, "I think there's clear law that costs—in the way they referred to it—does not include attorney's fees." The court also referred them to rule 8.278(d)(2). Beck's counsel argued that the rule did not apply because "there was no award of appeal cost. It was expressly denied, no cost to any party." In the alternative, Beck argued that "the Code of Civil Procedure takes precedence" over rule 8.278(d)(2); in particular, he pointed to section 1033.5, subdivision (a)(10), which provides that attorney fees authorized by contract, statute, or law "are allowable as costs under Section 1032." Beck also attempted to distinguish two of the cases Balter relied on, *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918 (*Butler-Rupp*) and *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145 (*Mustachio*), on the grounds that both arose under section 1717 and required the trial court to determine which party was the "prevailing party" before awarding fees.

The trial court took the matter under submission and issued its ruling the next day. The court's minute order stated: "After an in-chambers review, the court makes the following ruling: [¶] Motion for an award on post-judgment and appellate attorney's fees is granted. [¶] The order is signed and filed this date." The accompanying order was prepared on the proposed order Balter submitted with the motion, which stated in pertinent part, "The court, having considered the filings and arguments of both parties, finds good cause for granting of the motion." The court crossed out Balter's requested amount of

6

$114,840 and wrote in the lodestar, $57,420.

## III. Motion for Reconsideration/Clarification

Beck, acting in propria persona, subsequently filed a "motion for reconsideration/clarification of October 17, 2017 ruling granting Stratton's post appeal fee motion, CCP § 1008(a)(b)." He argued that the trial court committed "manifest error" by issuing an order that "remain[ed] silent on each of the key issues the opposition to Stratton's motion pointed out." Beck asserted that "it cannot be determined how and why the court assumed it had jurisdiction in light of the appellate court's *denial* of costs to Stratton and whether or not in the court's thoughts, costs are or are not the equivalent of L.C. § 98.2(c) fees." Beck further asserted that the order impermissibly overruled the ruling of another trial court judge, who apparently stayed payment of the fees while the appeal was pending on the grounds that attorney fees were costs.[2] Beck also reiterated his earlier attempts to distinguish *Butler-Rupp* and *Mustachio*. In his accompanying declaration, Beck asserted that he "consider[ed] the failure of the court to issue a reviewable ruling to be a fact discovered only after the October 16th hearing."

Balter opposed the motion on the grounds that it failed to meet the jurisdictional threshold for reconsideration because it did not allege new or different facts, circumstances, or law as required by section 1008, subdivision (a). He argued that the order itself did not constitute a new fact that properly could support the motion. He also disputed Beck's contentions that the trial court lacked jurisdiction to award attorney fees, and that a prior order staying enforcement of the judgment precluded the

---

[2]The appellate record does not contain any documents relevant to this assertion.

7

court from awarding attorney fees incurred on appeal.

In reply, Beck asserted that "[t]he most significant new facts which prompted this motion are the delivery of an order into which the court penciled in $57,420 (which calculates from $450/hr x 127.6 hours) without a mention of the court's reasoning on any vital contested issue in the pleadings by either side." He also pointed to an "additional new fact," "the absence of any insight as to why this court granted compensation for 14 hours of Mr. Balter's time set forth in his August 3, 2017 declaration (¶ 9) attesting to an *estimate* of 14 additional hours of time beyond the 113.6 hours claimed through August 3rd." In addition, Beck invoked section 1033 for the first time, arguing that the court should have taken the relatively small size of Stratton's recovery into account when awarding appellate attorney fees.

The trial court held a hearing on the motion. At the outset, it told the parties that its tentative was to deny the motion on the grounds that there were no new facts or law, and no need for clarification. It further stated that it was "not going to rehear an argument about the definition of costs." It then allowed the parties to be heard. Beck argued that he filed the motion because he "had to deduce where you came up with that money for that amount," emphasizing his uncertainty about the basis for the 14 estimated hours. The trial court told Beck it did not believe the 14 hours constituted a new fact, and Beck responded it did "[b]ecause I didn't realize until the number came out that you were awarding for the full amount of money that the motion demanded, even though the motion said as of August 3rd, and left it at that, that 14 hours of those dollars were merely estimates." Balter responded, accurately, that he had asked for the 14 hours in the moving papers.

8

Beck also explained to the court that his goal in filing the motion was to get "insight as to why, whether this statute controlled or that statute controlled." He acknowledged that he could calculate the time and hourly fee bases of the award "by deduction," and mainly wanted to know whether the court applied rule 8.278(d)(2) or considered section 1033, subdivision (a). The court took the matter under submission.

It subsequently issued a minute order denying the motion for reconsideration. That order stated: "The motion for reconsideration is DENIED. The court notes, however, as follows: In determining the amount of reasonable attorneys fees awarded in the October 17, 2017 order, the court accepted the rate, [*sic*] and rationale proposed by plaintiff, but declined to apply the 2.0 multiplier requested by plaintiff."

Beck timely filed a notice of appeal.[3]

## DISCUSSION

### I. The Trial Court Had Jurisdiction to Award Fees

Beck contends that this court's order directing the parties to bear their own costs of the prior appeal "implicitly denied statutory attorneys fees on appeal to Stratton's counsel," and deprived the trial court of jurisdiction to consider Balter's motion, because section 1033.5 and Labor Code section 98.2(c) define attorney fees as a component of costs. He further argues that rule 8.278(d)(2) does not alter this conclusion in this case, because we "ordered otherwise" by directing the parties to bear

---

[3]Balter subsequently filed a motion for attorney fees incurred in connection with the motion for reconsideration. The trial court awarded him $9,090, "without invoking CCP 1033." The trial court also granted Beck's request for stay of execution of that award until completion of the instant appeal.

9

their own costs.  In addition, he contends that the trial court exceeded its authority by contradicting the earlier determination of a different trial judge that the previously awarded fees were costs that did not have to be paid while this matter previously was pending on appeal.

Where, as here, the evidence underlying a trial court's determination that it has subject matter jurisdiction is not in dispute, the existence of subject matter jurisdiction presents a legal question subject to de novo review.  (*Saffer v. JP Morgan Chase Bank, N.A.* (2014) 225 Cal.App.4th 1239, 1248.)  The trial court's interpretation of both statutes (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332) and court rules (*In re Daniel M.* (1996) 47 Cal.App.4th 1151, 1154) likewise is subject to de novo review.  We also review de novo the trial court's determination of the legal basis for an award of attorney's fees.  (*Butler-Rupp*, *supra*, 154 Cal.App.4th at p. 923.)

Attorney fees are recoverable as costs only where expressly authorized by contract or statute.  (§ 1021; *Session Payroll Management, Inc. v. Noble Construction Co., Inc.* (2000) 84 Cal.App.4th 671, 677.)  The relevant statute here is Labor Code section 98.2(c), which provides:  "If the party seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal.  An employee is successful if the court awards an amount greater than zero."  Although by its terms Labor Code section 98.2(c) applies only to "an appeal to the superior court," "[a] statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides

10

otherwise." (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499; see also *Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927 ["statutes authorizing attorney fee awards in lower tribunals include attorney fees incurred on appeals of decisions from those lower tribunals"].)

Beck contends this general principle is not applicable to Labor Code section 98.2(c), because it contains "unambiguous, explicit limiting terms" restricting its ambit to fees incurred in the trial court. We disagree. Both *Eicher v. Advanced Business Integrators, Inc.* (2007) 151 Cal.App.4th 1363, 1384 and *Nishiki v. Danko Meredith, APC* (2018) 25 Cal.App.5th 883, 899-900 have held that Labor Code section 98.2(c) authorizes appellate attorney fees, and we are not persuaded by Beck's efforts to distinguish these and authorities interpreting other fee-shifting statutes.

When attorney fees are recoverable pursuant to statute, contract, or law, section 1033.5 provides that they are "allowable as costs under Section 1032." (§ 1033.5, subd. (a)(10).) Therefore, Beck argues, our order that the parties bear their own costs necessarily included appellate attorney fees, which are defined as costs by section 1033.5, subdivision (a). This argument ignores the statutory distinction between appellate costs and trial costs.

"[T]he very language and context of . . . section 1033.5 indicates [*sic*] that it does not govern costs on appeal." (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 259.) "The context of section 1032—using language that speaks of plaintiffs, defendants, and prevailing parties being those with a 'net monetary recovery'—implies that the statute is directed at the trial court. So does the context of section 1033, with its reference to a party recovering a judgment. Section 1033.5, which is a list

11

of what is, and is not, allowable as a cost, similarly is trial-court-oriented, with items exclusively related to trial court proceedings (e.g., references to jury fees, taking depositions, process servers, etc.)." (*Ibid.*)

"Moreover, another statute—Code of Civil Procedure section 1034, subdivision (b)—tells us specifically what law governs costs on appeal." (*Alan S. v. Superior Court*, *supra*, 172 Cal.App.4th at p. 259.) It provides, "The Judicial Council shall establish by rule allowable costs on appeal and the procedure for claiming those costs." (§ 1034, subd. (b).) That rule is California Rules of Court, rule 8.278, which is entitled "Costs on appeal." As section 1033.5 does for trial-related costs, rule 8.278 enumerates "recoverable costs," which it expressly provides are the only costs that may be recovered on appeal. (Cal. Rules of Court, rule 8.278(d)(1).) Those costs include filing fees, brief printing, and the cost to produce additional evidence on appeal. (Cal. Rules of Court, rule 8.278(d)(1)(A), (C), (E).) They do not include attorney fees. (See generally Cal. Rules of Court, rule 8.278(d)(1).)

Rule 8.278(d)(2) further underscores the distinction between trial costs, which may include attorney fees, and appellate costs, which do not. It provides, "Unless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702." The plain meaning of rule 8.278(d)(2) is that an award of costs in the court of appeal generally has no bearing on a party's ability to seek appellate attorney fees in the trial court. Indeed, a leading treatise instructs, "Unless an appellate decision expressly awards or denies fees, any decision on allocation of appellate *costs* is irrelevant to a later motion for fees in the trial

12

court." (Pearl, California Attorney Fee Awards (2d ed. Cal. CEB) Obtaining Fees for Appellate Services, § 12.4.)

Beck argues that rule 8.278(d)(2) is not applicable here, however, because we denied rather than awarded costs or "ordered otherwise" by ordering the parties to bear their own costs. These arguments were rejected in *Butler-Rupp*, *supra*, 154 Cal.App.4th 918, which we find closely analogous and extremely persuasive.

*Butler-Rupp* dealt with a case that was before the court of appeal for the second time. In its first ruling, the court of appeal affirmed the judgment of the trial court in part and reversed in part. It also stated, "'The parties to the appeal are to bear their own costs of appeal.'" (*Butler-Rupp*, *supra*, 154 Cal.App.4th at p. 922.) On remand, the respondents filed a motion for attorney fees they incurred in connection with the appeal. The trial court granted their motion. (*Ibid.*) The appellants then brought a second appeal challenging the award of appellate fees. They argued that "the trial court had no jurisdiction to award appellate attorney fees to respondents because [the court of appeal] did not award appellate costs to respondents in the prior appeal." (*Ibid.*) Like Beck, they contended that a prior version of current rule 8.278(d)(2) did not apply because no "award" of costs was made. (*Id.* at p. 925.) That prior rule, California Rule of Court, rule 27(c)(2), was very similar to the current version of rule 8.278(d)(2), stating, "'Unless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 870.2.'" (*Ibid.*)

The court acknowledged that it "did not 'award' either party their costs" when it directed each to bear its own. (*Butler-Rupp*, *supra*, 154 Cal.App.4th at p. 925.) Nevertheless, it

13

concluded that its order did not bar "an award of attorney fees under these circumstances." (*Ibid.*) The court looked to an even earlier iteration of current rule 8.278(d)(2), former rule 26(a)(4), which provided: "Unless otherwise ordered by the reviewing court, (i) an order or judgment regarding costs on appeal neither includes attorney fees on appeal nor precludes any party from seeking fees on appeal; and (ii) the issue of entitlement to attorney fees on appeal shall be determined by motion made in the trial court under rule 870.2." (*Ibid.*) Under this rule, it was clear that, unless specifically addressed, an "order or judgment regarding costs on appeal" did not include attorney fees; nor did it preclude a party from seeking them.

The court examined the legislative history underlying the changes in the rule and determined that the change from the more expansive "order or judgment regarding costs on appeal" to the seemingly more restrictive "award of costs" was not intended to be substantive. (*Butler-Rupp*, *supra*, 154 Cal.App.4th at p. 925.) It additionally stated in dicta that a conclusion otherwise would likely render former rule 27(c)(2) inconsistent with section 1032's prescription that attorney fees are recoverable to prevailing parties irrespective of whether they prevail in an appeal that does not result in final judgment. (*Ibid.*) The court further emphasized that "former rule 27(c)(2) did not state that attorney fees may be awarded only if the Court of Appeal decides to award costs. It simply stated that where costs are awarded, such an award does not include attorney fees . . . . Attorney fees are not included as recoverable" under the forerunner of rule 8.278(d)(1), former rule 27(c)(4). (*Id.* at p. 927.) It ultimately concluded, "In sum, in arguing that an award of attorney fees on appeal is dependent on the appellate court's issuance of an award

14

of costs, appellants read a limitation into the rule that finds no linguistic or historical support."  (*Ibid.*)

　　*Butler-Rupp* is indistinguishable from the instant case. Beck argues otherwise, pointing to the court's use of the phrase "under these circumstances" and the different underlying basis for the attorney fee award, Civil Code section 1717.  The basis for the fees awarded in *Butler-Rupp* was not relevant to its textual and historical analysis of the relevant appellate court rule.  The same appellate court rule applies regardless of the basis on which a party may seek fees.  The court's use of the phrase "under these circumstances" likewise did not limit its reasoning to the precise factual scenario presented or to cases involving Civil Code section 1717.  The court made that statement in the following context: "Appellants read much significance into the 2003 amendments to rule 26. They contend respondents cannot recover the fees incurred in the prior appeal because our remittitur directed each party to bear its own costs on appeal.  The argument proceeds that since no 'award' of costs was made, attorney fees are not recoverable.  Appellants claim that under rule 27(c)(2), 'a trial court on remand has jurisdiction to award appellate-attorney[']s fees *only* when the Court of Appeal makes an "award of costs."' (Italics added.)  *Although we did not 'award' either party their costs, we do not believe our order bars an award of attorney fees under these circumstances.*"  (*Butler-Rupp, supra*, 154 Cal.App.4th at p. 925, italics added.)  "These circumstances" appears to refer to situations in which an appellate court denies costs, which is exactly the posture of the instant case.

　　Beck also takes issue with *Butler-Rupp*'s reliance on *Mustachio, supra*, 48 Cal.App.4th 1145, another case in which fees were awarded under Civil Code section 1717.  *Butler-Rupp*

15

credited *Mustachio* with "establish[ing] the rule that trial courts retain discretion to award attorney fees incurred on appeal to the eventual prevailing party without any order from the appellate court, even where the appellate court, in its remand order, orders the parties to bear their own . . . costs." (*Butler-Rupp*, *supra*, 154 Cal.App.4th at p. 924.)

In *Mustachio*, the appellate court ordered the parties to bear their own costs after their first appeal. (*Mustachio*, *supra*, 48 Cal.App.4th at p. 1149.) Plaintiff Mustachio then moved for attorney fees on remand, which the trial court awarded. Defendant Great Western Bank appealed, arguing that "by ordering each party to bear its own costs on appeal, this court also determined that the parties should bear their own attorney's fees on appeal." (*Ibid.*)

The court of appeal rejected that contention thusly: "'Civil Code section 1717 validates the type of contractual provision involved here and requires the courts to award fees to the prevailing party in actions on contracts containing such clauses. . . . [I]t is well settled a party who prevails on appeal is not entitled under a section 1717 fee provision to the fees he incurs on appeal where the appellate decision does not decide who wins the lawsuit but instead contemplates further proceedings in the trial court. [citations.] . . . The provisions allowing costs on appeal (Code Civ. Proc., § 1034 and [former] Cal. Rules of Court, rule 26), however, are entirely separate from the contractual provision for fees and do not depend on the party winning the appeal being the ultimate prevailing party. [This] contention is inconsistent with the well settled rule excluding attorney fees from the costs a party winning an appeal may recover under section 1034 [Citations].' (*Presley of Southern California v.*

16

*Whelan* (1983) 146 Cal.App.3d 959, 961-962, 196 Cal.Rptr. 1; see also *de la Cuesta v. Superior Court* (1984) 152 Cal.App.3d 945, 950, 200 Cal.Rptr. 1.)" (*Mustachio, supra*, 48 Cal.App.4th at pp. 1149-1150.)

Beck argues that *Mustachio* is distinguishable for several reasons, including its reliance on Civil Code section 1717, now-rewritten and renumbered rules of court, and a version of section 1033.5 predating its amendment in 1990 "at which time attorneys fees by contract were expressly made allowable as costs rather than as damages to be proven." The last contention is puzzling, as *Mustachio* was decided in 1996, long after any amendment to section 1033.5 made in 1990 would have taken effect. The others are not persuasive. As explained above, the applicable appellate rule was not substantively different, and section 1033.5 defines attorney fees incurred in the trial court as "costs" regardless of the statute authorizing them. (§ 1033.5, subd. (a)(10).)

Beck's final argument regarding the trial court's authority to award appellate fees appears to rest on its alleged disagreement with an earlier trial court ruling that the fees were costs. According to Beck, the trial court ruled prior to *Stratton I* that the trial court fees at issue there were costs such that Beck did not have to post an undertaking prior to the appeal. He contends, "a new judge could not contradict the trial court's earlier determination unless the Court of Appeals said otherwise. The second superior court judge [to whom the case was reassigned on remand] could not overrule the first superior court judge's fees as cost classification determination by characterizing §98.2(c) fees as being something other than the costs upheld in *Stratton I*." Beck further asserts that Stratton "did not challenge

17

this fees-as-costs determination in the Superior Court nor at the Court of Appeal in the course of *Stratton I*. Therefore the trial court's judicial determination equating LC §98.2(c) fees as costs remains and could not be disturbed in the absence of direction from the Court of Appeals."

It is unclear what judicial determination Beck is referring to. The portion of his opening brief outlining this argument contains no citations to the record, and we did not find any such ruling in the record during our review. The closest we can find is an assertion in Beck's motion for reconsideration/clarification that "The court (Judge Mark A. Borenstein) ruled that no undertaking was required because the attorney fee award under this Labor Code section was a 'cost' as defined by CCP § 1033.5(a)(10)(C)."

To the extent Beck appears to refer to a determination that the trial court fees awarded in connection with his initial appeal of the Labor Commissioner's decision were costs, such determination has no relevance to the classification of fees on appeal. As we explained above, items recoverable as "costs" in trial court are distinct from those recoverable as "costs" in appellate court. To the extent Beck may be referring to some other ruling, he has failed to include that ruling in the record or otherwise demonstrate error. Marshaling the record and affirmatively demonstrating error are the appellant's burdens, and Beck failed to carry those burdens here. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

## II.    The Trial Court's Order was Adequate

Beck also challenges the adequacy of the court's order granting Balter's motion for attorney fees. He contends the trial court "erred by refusing to shed light on its decision making." He

18

argues that the order, which tracked Balter's proposed order in all respects except the amount of fees awarded, "say[s] nothing about and gives no insight into the judge's reasoning relative to any of the issues presented in opposition to Mr. Balter's fee motion.  It also does not reflect the trial court independently assessed the fee claim as it must."  He also contends the court abused its discretion by failing to exercise its discretion under section 1033.  Beck blames the "shortcomings" of the court's order for this appeal, asserting that it "would more than likely have been avoided" if the trial court had heeded his request for clarification and "issued a reasoned, detailed order explaining why it believed it had jurisdiction to award fees in light of the express costs denial in the interests of justice and had communicated a single thought relating to the authorities Beck relied upon to establish LC §98.3 [*sic*] fees are to be treated as costs."

We review the fee award under the abuse of discretion standard. Under this standard, we do not disturb the award unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner.  (*Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 615-616.)  However, "[w]hen we are reviewing an award of attorney fees for appellate work, we need not accord the same degree of deference we would give to rulings that involve the trial court's first-hand knowledge."  (*Id.* at p. 616.)

We see no abuse of  discretion here.  The trial court is not required to issue a statement of decision regarding a fee award. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140.)  During the hearing, the trial court told Beck and his co-counsel that it was "not at all persuaded" by their argument that appellate fees were

19

a component of appellate costs and expressed its belief that there was "clear law that costs—in the way they [the court of appeal] referred to it—does not include attorney's fees." The court also pointed to rule 8.278(d)(2) in support of its ruling. It also entertained "extensive oral argument with regard to the fee award. We have no reason to doubt that the superior court conducted an independent assessment of the evidence presented." (*Ketchum v. Moses*, *supra*, 24 Cal.4th at p. 1140.) The trial court did not abuse its discretion by declining to reduce the comments it made at the hearing to writing or further explain its reasoning for awarding Balter the lodestar he requested and supported with documentation.

Beck points to *Kerkeles v. City of San Jose* (2015) 243 Cal.App.4th 88, 102 (*Kerkeles*) for the proposition that the trial court is required to "provide a reasonably specific explanation of all aspects of a fee determination." This case, which addresses fees awarded under 42 U.S.C. § 1988, is not on point. The court in *Kerkeles* calculated the lodestar and then made an "across the board 50% reduction in the claimed hours billed" without further explanation. (*Kerkeles*, *supra*, 243 Cal.App.4th at p. 101.) The appellate court rejected this sweeping cut as inadequately supported. It reasoned that federal courts reviewing fees awarded under 42 U.S.C. § 1988 apply "'heightened scrutiny'" to "percentage cuts to large fee requests. (*Id.* at p. 102.) Examining several cases, it concluded that "when imposing a reduction greater than 10 percent, the court 'must explain why it chose to cut the number of hours or the lodestar by the specific percentage it did.'" (*Id.* at p. 103.) Here, the court did not cut the lodestar or make other factual rulings; it made a legal determination that it had the authority to award fees. Further explanation was not

20

required.

Beck also argues that the trial court failed to exercise its discretion under section 1033, subdivision (a), which states, "Costs or any portion of claimed costs shall be determined by the court in its discretion in a case other than a limited civil case in accordance with Section 1034 where the prevailing party recovers a judgment that could have been rendered in a limited civil case." He did not bring that statute to the court's attention, however, until he filed his motion for reconsideration. He argues in his reply brief that section 1033 does not "on its face . . . require the parties to move for its invocation but exists for trial courts to consider when calculating reasonable fees in cases where the prevailing party failed to attain a judgment meeting the $25,000 limited jurisdiction level." He relies only on a depublished case to support this assertion; such cases are not proper authority and may not be cited. (See Cal. Rules of Court, rule 8.1115(a).) Moreover, nothing in the record indicates that the court failed to recognize its discretion under section 1033, subdivision (a) when it concluded that the full amount of fees requested was proper.

Beck further contends that the trial court improperly refused his motion for reconsideration or clarification. An order denying a motion for reconsideration is not separately appealable, but may be reviewed as part of an appeal of the order subject to the motion. (§ 1008, subd. (g).) Our review reveals no abuse of discretion. (See *California Correctional Peace Officers Association v. Virga* (2010) 181 Cal.App.4th 30, 42.) The trial court's original order and oral remarks adequately informed Beck of the basis for its ruling, and Beck did not offer any new facts or law in support of the motion for reconsideration. Though it denied the motion, the trial court explained in its order that it

21

"accepted the rate, and rationale proposed by plaintiff" when it made the fee award. This explanation should have clarified the matter for Beck, who was well aware of Balter's legal arguments in support of the award and failed to object to the additional 14 estimated hours at the hearing. His assertion that the trial court is to blame for the continuation of this case is not well taken.

## DISPOSITION

The order of the trial court is affirmed. Respondent is awarded his costs of appeal.


COLLINS, J.


We concur:



MANELLA, P. J.



WILLHITE, J.

Filed 1/2/19

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ANTHONY STRATTON, | B287001 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS152046) |
| v. | |
| THOMAS E. BECK, | |
| Defendant and Appellant. | **ORDER CERTIFYING OPINION FOR PUBLICATION** |


THE COURT:

      The opinion in the above-entitled matter filed on December 7, 2018 was not certified for publication in the Official Reports. Upon application of respondent and interested parties and for good cause appearing, it is ordered that the opinion shall be published in the Official Reports.

      Pursuant to California Rules of Court, rule 8.1105(b), this opinion is certified for publication.


_____

MANELLA, P.J.           WILLHITE, J.           COLLINS, J.