Filed 2/24/22 Anabi Oil Corp. v. iFuel CA2/4
Opinion following supplemental briefing

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| ANABI OIL CORPORATION, | B301899 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. 19NWCV00160) |
| IFUEL, INC., et al., | |
| Defendants and Appellants; | |
| EVON HALAKA, | |
| Defendant and Respondent. | |

Motion for sanctions. Granted.

K.P. Roberts & Associates, Kenneth P. Roberts, Ryan P. Tish and Kevin Y. Kanooni for Plaintiff and Appellant.

Kashfian & Kashfian, Ryan D. Kashfian and Robert A. Kashfian for Defendants and Appellants.

No appearance for Defendant and Respondent.

# INTRODUCTION

In this post-remittitur opinion, we impose $11,562.50 in monetary sanctions against attorney Kenneth P. Roberts and law firm K.P. Roberts & Associates (collectively Roberts), counsel for plaintiff and appellant Anabi Oil Corporation (Anabi), for filing a frivolous motion to recall the remittitur. In our initial opinion, we affirmed an order granting in part and denying in part an anti-SLAPP motion filed by defendants and appellants iFuel, Inc., and Artashes Yepremyan. We did not address the issue of iFuel and Yepremyan's entitlement to appellate attorney fees, which the parties had not raised. In our disposition, we ordered that "Anabi, iFuel, and Yepremyan shall bear their own costs on appeal." (*Anabi Oil Corp. v. iFuel, Inc.* (July 6, 2021, No. B301899) 2021 Cal.App.Unpub. LEXIS 4407, at *42 (*Anabi I*).) Following issuance of the remittitur, which restated our order regarding costs, iFuel and Yepremyan filed in the trial court a motion to recover appellate attorney fees under the anti-SLAPP statute. They argued our costs order did not preclude their recovery of appellate attorney fees, citing, inter alia, our analogous opinion in *Stratton v. Beck* (2018) 30 Cal.App.5th 901 (*Stratton*).

Without citing *Stratton*, which he admittedly had reviewed, Roberts filed in this court, on Anabi's behalf, a motion to recall the remittitur. Arguing "it would not make sense" to allow iFuel and Yepremyan to recover appellate attorney fees while denying them appellate costs, Roberts speculated that we intended in our costs order to implicitly

resolve against iFuel and Yepremyan the unbriefed issue of their entitlement to fees. Roberts asked us to recall the remittitur in order to clarify that this was our intent, so that Anabi would not "have to address" iFuel and Yepremyan's motion for fees. iFuel and Yepremyan argued the motion to recall the remittitur was frivolous, and moved for the imposition of monetary sanctions against Roberts for filing the motion, in the amount of $11,562.50 in attorney fees incurred in post-remittitur proceedings. We denied the motion to recall the remittitur, and ordered Roberts to show cause in writing why sanctions should not be imposed.

Roberts contends sanctions are not warranted because the motion to recall the remittitur was not frivolous. In the alternative, he requests that we impose sanctions only in an amount less than $1,000. We conclude the motion to recall the remittitur was frivolous, warranting the imposition of monetary sanctions against Roberts. We further conclude iFuel and Yepremyan's requested sum of $11,562.50 is appropriate, as the imposition of sanctions in this amount will compensate iFuel and Yepremyan for their attorney fees and discourage Roberts and others from pursuing frivolous claims on appeal.

## BACKGROUND

### A. Our Initial Opinion and Remittitur

In 2014, Anabi and iFuel executed contracts requiring iFuel to make monthly purchases of gasoline from Anabi, for resale at a gas station iFuel had leased. (*Anabi I, supra*, 2021 Cal.App.Unpub. LEXIS 4407, at *5.) The contracts

3

granted Anabi a right of first refusal with respect to iFuel's leasehold interest in the gas station.  (*Id.* at *5-*6.)  The contracts also imposed payment obligations on iFuel, which Yepremyan guaranteed, in the event of a breach of the gasoline sale provisions.  (*Id.* at *5.)  In 2019, iFuel and Yepremyan entered into a settlement agreement with iFuel's landlord in a separate action, agreeing to vacate the property.  (*Id.* at *7-*8.)  After Anabi received notice of the settlement agreement and the impending transfer of possession of the gas station, Anabi brought the instant action against iFuel and Yepremyan, alleging they had breached Anabi's right of first refusal and anticipatorily breached their payment obligations.  (*Id.* at *9-*12.)  iFuel and Yepremyan filed an anti-SLAPP motion, asking the trial court to strike Anabi's complaint or specified portions thereof.  (*Anabi I*, *supra*, *supra,* at *12.)  The court granted iFuel and Yepremyan's anti-SLAPP motion with respect to Anabi's claims based on the right of first refusal, but denied the motion with respect to Anabi's claims based on iFuel and Yepremyan's payment obligations.  (*Anabi I*, at *21-*24.)

The parties cross-appealed; Anabi contended iFuel and Yepremyan's anti-SLAPP motion should have been wholly denied, while iFuel and Yepremyan contended it should have been wholly granted.  (*Anabi I, supra,* 2021 Cal.App.Unpub. LEXIS 4407, at *4.)  Rejecting both cross-appeals, we affirmed the order partially granting and partially denying iFuel and Yepremyan's anti-SLAPP motion.  (*Anabi I, supra,* at *4, *42.)  We did not address the issue of iFuel and

4

Yepremyan's entitlement to appellate attorney fees, which the parties had not raised. In our disposition, we ordered that "Anabi, iFuel, and Yepremyan shall bear their own costs on appeal." (*Id.* at \*42.) On October 18, 2021, the clerk of this court issued a remittitur, which restated our order regarding costs.

### B. Post-Remittitur Proceedings

In November 2021, iFuel and Yepremyan filed in the trial court a motion to recover appellate attorney fees under the anti-SLAPP statute, as prevailing defendants on a portion of their anti-SLAPP motion. (See Code Civ. Proc., § 425.16, subd. (c)(1).) They argued our costs order did not preclude their recovery of appellate attorney fees, citing, inter alia, our opinion in *Stratton*, *supra*, 30 Cal.App.5th 901. Anabi's counsel, Roberts, reviewed the motion and the authorities cited therein, including *Stratton*.

In December 2021, on Anabi's behalf, Roberts filed in this court a motion to recall the remittitur. Roberts argued, "[G]iven that neither Anabi Oil nor iFuel prevailed on their appeals, Anabi Oil believes it implicit [in the order for the parties to bear their own costs] that the Court of Appeal intended that neither party recover . . . fees against the other. It is submitted that it would not make sense to deny an award of costs and impliedly or otherwise intend that iFuel would be allowed its fees upon application after remittitur. If Anabi Oil is correct, it is respectfully submitted that this Court of Appeal should recall its

5

Remittitur to make this clarification so that Anabi Oil will not have to address the claim of attorney's fees . . . ." (Fn. omitted.) Roberts did not cite *Stratton*, or any other authority cited by iFuel and Yepremyan in the trial court.

In addition to opposing the motion to recall the remittitur, iFuel and Yepremyan moved for the imposition of monetary sanctions against Roberts under California Rules of Court, rule 8.276(a)(3), for filing a frivolous motion. They requested that sanctions be imposed in the amount of $11,562.50 in attorney fees incurred in these post-remittitur proceedings, as supported by the attached declaration of their counsel Ryan D. Kashfian.

On December 15, 2021, we issued an order denying the motion to recall the remittitur, observing, "The remittitur unambiguously did not determine whether iFuel and Yepremyan are entitled to appellate attorney fees under Code of Civil Procedure section 425.16, or deprive the trial court of jurisdiction to make that determination. (See *Stratton v. Beck* (2018) 30 Cal.App.5th 901, 904, 909-914.)" Contemporaneously, we ordered Roberts to show cause in writing why sanctions should not be assessed for the reasons asserted in iFuel and Yepremyan's motion for sanctions.[1]

---

[1] We have satisfied the requirements of due process by giving fair warning of the imposition of sanctions, allowing Roberts to file opening and reply briefs on the sanctions issue, holding a hearing at which Roberts presented oral argument, and issuing this written statement of reasons. (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654.)

In his responsive briefing, supporting declaration, and oral argument, Roberts misrepresented the motion to recall the remittitur as a neutral request for clarification. He maintained that the motion did not: (1) argue "one way or the other" whether we had intended to deny iFuel and Yepremyan their appellate attorney fees alongside their appellate costs; (2) advocate the denial of fees; or (3) make any request concerning the scheduled hearing in the trial court on iFuel and Yepremyan's fee motion. In fact, as noted, the motion: (1) unequivocally stated Roberts's belief that we "intended that neither party recover . . . fees against the other"; (2) asserted "it would not make sense" to have intended otherwise; and (3) asked us to recall and clarify the remittitur so that Anabi would not "have to address" iFuel and Yepremyan's motion for fees, implicitly asking us to intervene so that the scheduled hearing on the motion would not take place.

## DISCUSSION

### A. *Principles*

#### 1. Sanctions

"On motion of a party or its own motion, a Court of Appeal may impose sanctions . . . on a party or an attorney for: [¶] . . . [¶] Filing a frivolous motion." (Cal. Rules of Court, rule 8.276(a)(3).) A motion is frivolous if any reasonable attorney would agree the motion is totally devoid of merit. (See *Workman v. Colichman* (2019) 33 Cal.App.5th 1039, 1062 (*Workman*) [frivolous appeal]; *L.A. Taxi*

*Cooperative, Inc. v. The Independent Taxi Owners Assn. of Los Angeles* (2015) 239 Cal.App.4th 918, 932 (*L.A. Taxi*) [frivolous anti-SLAPP motion].)  A motion's failure to cite controlling adverse authority supports a finding of frivolousness.  (See *L.A. Taxi*, *supra*, at 933 [defendants' second anti-SLAPP motion was frivolous, in part because it failed to address controlling adverse authority that had been cited by plaintiffs in opposition to first anti-SLAPP motion]; *Personal Court Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 193 ["Where, as here, a party appeals and merely repeats an argument that was soundly rejected by another appellate panel, we have little difficulty concluding that the party lacked good faith in pursuing the appeal. Defendants' conduct is especially egregious because they failed to bring the prior case to our attention"].)

"'Among the specific factors we may consider in determining the appropriate amount of sanctions are the amount of respondent's attorney fees on appeal; . . . the degree of objective frivolousness and delay; and the need for discouragement of like conduct in the future.'" (*Workman*, *supra*, 33 Cal.App.5th at 1064.)  The final factor is important because the pursuit of a frivolous motion squanders limited judicial resources, depriving litigants with genuine issues of the court's time and energy.  (See *Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 559 ["'Respondent[s] . . . are not the only parties damaged when an appellant pursues a frivolous claim.  Other appellate parties, many of whom wait years for a resolution of bona

fide disputes, are prejudiced by the useless diversion of this court's attention. [Citation.] In the same vein, the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources'"]; *In re Marriage of Flaherty*, *supra*, 31 Cal.3d at 650 ["an appeal taken despite the fact that no reasonable attorney could have thought it meritorious ties up judicial resources and diverts attention from the already burdensome volume of work at the appellate courts"].)

## 2. Appellate Fees and Costs

Rule 8.278(d)(2) of the California Rules of Court (rule 8.278(d)(2)) provides, "Unless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them . . . ." (Rule 8.278(d)(2).) "The plain meaning of rule 8.278(d)(2) is that an award of costs in the Court of Appeal generally has no bearing on a party's ability to seek appellate attorney fees in the trial court. Indeed, a leading treatise instructs, 'Unless an appellate decision expressly awards or denies fees, any decision on allocation of appellate *costs* is irrelevant to a later motion for fees in the trial court.'" (*Stratton*, *supra*, 30 Cal.App.5th at 910-911, quoting Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar 2d ed. 2018) Obtaining Fees for Appellate Services, § 12.4.) Although rule 8.278(d)(2) refers to a costs award, it also applies where the court orders the parties to bear their own costs. (*Stratton, supra*, at 911-912 [trial court properly awarded appellate attorney fees under

9

Labor Code section 98.2, despite prior order for parties to bear their own appellate costs], citing *Butler-Rupp v Lourdeaux* (2007) 154 Cal.App.4th 918, 925-927 [same, with respect to award of appellate attorney fees under Civil Code section 1717].)  Moreover, rule 8.278(d)(2) applies "regardless of the basis on which a party may seek fees." (*Stratton*, at 912 [deeming *Butler-Rupp* "indistinguishable" despite "the different underlying basis for the attorney fee award"].)

Under rule 8.278(d)(2), an order for the parties to bear their own costs on appeal from an anti-SLAPP ruling does not preclude recovery of appellate attorney fees in the trial court.  "[A] prevailing defendant on a special motion to strike [under the anti-SLAPP statute] shall be entitled to recover his or her attorney's fees and costs.  If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion . . . ."  (Code Civ. Proc., § 425.16, subd. (c)(1).) "[B]ecause [this provision] authorizes an award of attorney fees to [the] prevailing party without limitation [to fees incurred in the trial court], appellate attorney fees are also recoverable."  (*L.A. Taxi, supra,* 239 Cal.App.4th at 933; accord, *Stratton, supra,* 30 Cal.App.5th at 909 ["'[a] statute authorizing an attorney fee award at the trial court level

includes appellate attorney fees unless the statute specifically provides otherwise'"].)[2]

### B. *Analysis*

We conclude Roberts should be sanctioned for filing a frivolous motion to recall the remittitur, as any reasonable attorney would know the motion was totally devoid of merit. In other words, no reasonable attorney would have perceived any merit in Roberts's argument that "it would not make sense" to allow iFuel and Yepremyan to recover appellate attorney fees while denying them appellate costs, and that we should therefore recall the remittitur and clarify that it was intended to preclude iFuel and Yepremyan's recovery of appellate attorney fees. Well before Roberts advanced this argument, we explained in *Stratton* that under rule 8.278(d)(2), a decision on the allocation of appellate costs

---

[2] Contrary to Roberts's suggestion, we did not hold in *L.A. Taxi* that the anti-SLAPP statute mandated an award of appellate costs. Instead, we relied on the statute only in holding that the prevailing plaintiffs on a frivolous anti-SLAPP motion had been entitled to *trial-court* fees and costs, and that they also could recover appellate *attorney fees* on remand. (*L.A. Taxi, supra*, 239 Cal.App.4th at 932-933.) Separately, without reference to the anti-SLAPP statute, we awarded the plaintiffs their appellate costs. (See *L.A. Taxi, supra*, at 934.) In any event, Roberts's interpretation of *L.A. Taxi* does not assist him. Even had the anti-SLAPP statute mandated an award of appellate costs to iFuel and Yepremyan, any error in denying them costs would not have warranted recalling the remittitur in order to compound the error by denying them fees as well.

11

alone is "'irrelevant'" to a later motion for fees. (*Stratton*, *supra*, 30 Cal.App.5th at 911.) Applying that rule in circumstances analogous to those here, we held that our order directing the parties to bear their own appellate costs did not preclude the trial court from awarding appellate attorney fees under Labor Code section 98.2, and we affirmed the award of such fees. (*Stratton*, *supra*, at 909-914.) We thus did in *Stratton* precisely what Roberts argued would be senseless to do here, viz., allow a party to recover appellate attorney fees while denying the party appellate costs.

Roberts's failure to cite *Stratton* in the motion underscored its frivolousness.[3] (See *L.A. Taxi*, *supra*, 239

---

[3]     Roberts's failure to cite *Stratton*, which he admittedly had reviewed, also violated the Rules of Professional Conduct. (See Rules Prof. Conduct, rule 3.3(a)(2) (rule 3.3) [lawyer shall not "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel"]; *Davis v. TWC Dealer Group, Inc.* (2019) 41 Cal.App.5th 662, 665, 671, 676-678 [counsel violated rule 3.3 by failing to inform court of adverse controlling authority newly issued, after briefing was completed, in separate case litigated by same firm; court published opinion to "affirm -- and remind the profession of -- the importance of candor toward the court"]; cf. *Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 82, fn. 9 (*Batt*) [before adoption of rule 3.3 in California, counsel violated former rule 5-200, prohibiting advocacy by means inconsistent with truth, by failing to cite known cases "clearly . . . pertinent to any meaningful discussion" of issue presented], disapproved on another ground by *McWilliams v. City of Long Beach* (2013) 56 Cal.4th 613.)

Cal.App.4th at 933; *Personal Court Reporters, Inc. v. Rand*, *supra*, 205 Cal.App.4th 182, 193.) Roberts admits he reviewed *Stratton* before filing the motion, but claims he reasonably believed *Stratton* was distinguishable because it involved fees under Labor Code section 98.2, rather than the anti-SLAPP statute. But in *Stratton*, we emphasized that rule 8.278(d)(2) applies "regardless of the basis on which a party may seek fees," and deemed a case involving fees awarded under a different statute "indistinguishable." (*Stratton*, *supra*, 30 Cal.App.5th at 912.) Any reasonable attorney would have expected us to follow our opinion in *Stratton* despite "the different underlying basis for the attorney fee award . . . ."[4] (*Ibid.*)

We conclude Roberts's filing of the frivolous motion to recall the remittitur warrants the requested imposition of

---

[4] Even crediting Roberts's declaration that he believed in good faith -- unreasonably -- that *Stratton* was distinguishable, he violated his duty of candor to the court by failing to articulate that belief in the motion to recall the remittitur, instead choosing to ignore *Stratton* altogether. (See *Batt*, *supra*, 155 Cal.App.4th at 82, fn. 9 ["'The obligation to disclose adverse legal authority is an aspect of the lawyer's role as "officer of the court." . . . lawyers *should* reveal cases and statutes of the controlling jurisdiction that the court needs to be aware of in order to intelligently rule on the matter. It is good ethics *and* good tactics to identify the adverse authorities, even though not directly adverse, and then argue why they are distinguishable or unsound'"].) As noted, Roberts continued to exhibit a lack of candor after we issued our order to show cause, by misrepresenting the motion to recall the remittitur as a neutral request for clarification.

$11,562.50 in monetary sanctions, reflecting the attorney fees incurred by iFuel and Yepremyan in these post-remittitur proceedings. (See *Workman, supra*, 33 Cal.App.5th at 1064.) Roberts neither challenges iFuel and Yepremyan's evidence in support of the requested sum, nor articulates any reason to reduce the sum to less than $1,000, as he requests. It is not our duty to develop an argument for him. Moreover, reducing the sanctions to a paltry sum would defeat our principal purpose in imposing them, viz., "'discouragement of like conduct in the future.'" (*Id.* at 1064.) We intend that the sanctions we impose will discourage Roberts and others from pursuing frivolous claims on appeal, sparing the appellate system the "useless diversion of this court's attention," and conserving for bona fide disputes "this court's time and resources." (*Kleveland v. Siegel & Wolensky, LLP, supra*, 215 Cal.App.4th 534, 559; see also *In re Marriage of Flaherty, supra*, 31 Cal.3d at 650.)

## DISPOSITION

iFuel and Yepremyan's motion for sanctions is granted. Sanctions are imposed against Kenneth P. Roberts and K.P. Roberts & Associates, jointly and severally, in the amount of $11,562.50, payable to iFuel and Yepremyan. It is ordered that within 30 days of this opinion's becoming final: (1) Kenneth P. Roberts and K.P. Roberts & Associates shall pay the sanctions imposed herein; and (2) the clerk of this court shall send a copy of this opinion to the State Bar of California (see Bus. & Prof. Code, § 6086.7, subd. (a)(3)).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.

15