Filed 3/4/25 (unmodified opn. attached)

## <u>CERTIFIED FOR PARTIAL PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN WASH,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>MARIA S. BANDA-WASH,<br><br>     Defendant and Respondent. | F085028<br><br>(Super. Ct. No. 17CECG00648)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br><br>[NO CHANGE IN JUDGMENT] |

It is ordered that the partially published opinion filed herein on February 3, 2025, be modified as follows:

1.    On page 39, the first full paragraph after the heading "DISPOSITION" is deleted and replaced with the following paragraph:

The law and motion minute order dated August 5, 2022, and the related "ORDER RE:  MOTION FOR ATTORNEY'S FEES AND COSTS" filed on August 5, 2022, are vacated.  The matter is remanded for further proceedings not inconsistent with this opinion, which shall include, without limitation, the trial court's consideration and determination of the timeliness of (1) the memorandum of costs on appeal and (2) the motion to determine and to fix the amount of attorney fees.

There is no change in the judgment.

Appellant John Wash's petition for rehearing filed on February 18, 2025, is denied.

SMITH, J.

WE CONCUR:

LEVY, Acting P. J.

DETJEN, J.

**<u>CERTIFIED FOR PARTIAL PUBLICATION</u>**\*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN WASH,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>MARIA S. BANDA-WASH,<br><br>    Defendant and Respondent. | F085028<br><br>(Super. Ct. No. 17CECG00648)<br><br><br>**OPINION** |

-ooOoo-

    APPEAL from an order of the Superior Court of Fresno County. Mark E. Cullers, Judge.

    John Wash, in propria persona, for Plaintiff and Appellant.

    Daniel L. Harralson Law Office and Daniel L. Harralson for Defendant and Respondent.

-ooOoo-

---

\*    Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the Background and parts II.B., II.C., III., IV., and V. of the Discussion.

In March 2017, appellant John Wash (John) filed a request for a civil harassment restraining order under Code of Civil Procedure section 527.6[1] against respondent Maria S. Banda-Wash (Maria), his neighbor and the wife of his deceased brother. The trial court denied the request and reserved Maria's request for attorney fees. John appealed. In *Wash v. Banda-Wash* (Nov. 19, 2020, F075724) [nonpub. opn.], we affirmed the order denying John's request and awarded Maria her costs on appeal. On remand, Maria sought to recover the costs and attorney fees she incurred in the appeal. The trial court awarded her approximately $16,260 in fees and $390 in costs. John appealed.

Maria's motion for attorney fees on appeal and her memorandum of costs on appeal were filed 42 days after the remittitur was issued—that is, after it was entered in the record. California Rules of Court, rule 8.278(c)(1)[2] provides that such requests must be filed "[w]ithin 40 days after issuance of the remittitur." Maria contends her requests were timely because the remittitur was sent to her attorney by email and the two-day extension for documents served electronically applies to the remittitur. (See § 1010.6, subd. (a)(3)(B).) The parties have cited, and we have located, no published decision resolving whether the statutory extensions for service apply to a remittitur. Accordingly, we publish our conclusion that the extension of filing periods that begin to run "after service of the document" by electronic means (§ 1010.6, subd. (a)(3)(B)) does not apply to a remittitur. A remittitur is merely sent to the parties, it is not *served* on them.

In the unpublished portion of this opinion, we conclude this matter should be remanded to the trial court for it to decide in the first instance whether to grant discretionary extensions pursuant to Rules 3.1700(b)(3) and 3.1702(d). We also conclude John's claims that the trial court (1) abused its discretion in awarding attorney fees and determining the amount awarded and (2) violated his constitutional right to due process

---

[1]     Undesignated statutory references are to the Code of Civil Procedure.

[2]     Subsequent references to a numbered "Rule" are to the California Rules of Court.

are based on a misinterpretation of the trial court's order and the record and, thus, lack merit.

We therefore vacate the order awarding attorney fees and remand for further proceedings in which the trial court determines whether to grant or deny extensions.

## BACKGROUND[*]

The parties are familiar with the facts and procedural history of this case, and most of what occurred before the November 2020 opinion is irrelevant to this appeal.

We note, however, the trial court's March 21, 2017 minute order denying with prejudice John's request for a civil harassment restraining order and dissolving the temporary restraining order stated: "**Attorney fees are <u>RESERVED</u>**." When John filed his notice of appeal in May 2017, the trial court still had jurisdiction to consider a subsequently filed motion for attorney fees or memorandum of costs. (See *Korchemny v. Piterman* (2021) 68 Cal.App.5th 1032, 1052 [trial court had jurisdiction to consider a motion for attorney fees after plaintiff filed a notice of appeal from a judgment]; *Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 369 [filing a notice of appeal does not prevent the trial court from awarding attorney fees and costs]; see also § 916, subd. (a) [authority of trial court to proceed upon any matter embraced in the action and not affected by the judgment or order under appeal].) Despite the trial court's continuing jurisdiction over the collateral matters of attorney fees and costs and its statement that the issue of attorney fees was reserved, the register of action contains no entries showing Maria sought to recover the costs and attorney fees incurred in March 2017 while she successfully opposed John's request for a restraining order.

Our November 2020 opinion affirmed the trial court's order denying John's request for a restraining order and stated Maria "shall recover her costs on appeal." (*Wash v. Banda-Wash*, *supra*, F075724, p. 19.)

---

[*]        See footnote, *ante*, page 1.

In December 2020, John filed a petition for review with the Supreme Court. On March 10, 2021, the Supreme Court denied John's petition. On March 11, 2021, a deputy clerk of this court filed the Supreme Court's denial and sent a copy of the remittitur to the parties. The remittitur was dated March 11, 2021, and stated: "This remittitur is issued in the above entitled case. Also enclosed is a file-stamped copy of the opinion. [¶] Respondent to recover costs." An "E-Notice" signed by the deputy clerk indicates she notified the superior court and Maria's attorney, Daniel L. Harralson (Harralson), by emailing a copy of the remittitur to their email addresses on March 11, 2021. It also indicates she sent John, a self-represented litigant, a copy by United States Postal Service (USPS) mail. The Fresno County Superior Court's receipt of the remittitur is confirmed by the filing of its copy at 11:57 a.m. on March 11, 2021.

Rule 8.278(c) sets forth the procedures for claiming costs after an appeal. Rule 8.278(c)(1) provides in full: "*Within 40 days after issuance* of the remittitur, a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs under rule 3.1700." (Italics added.) Tuesday, April 20, 2021, was 40 days after the remittitur was filed and sent on March 11, 2021.

*Cost Memorandum and Motion*

On Thursday, April 22, 2021, Maria filed and served a memorandum of costs and a motion to determine and fix the amount of attorney fees awardable as an item of costs. The memorandum of costs requested only the $390 appearance fee Maria paid in case No. F075724. The motion requested $16,483.50 in attorney fees. The motion was supported by (1) a memorandum of points and authorities, (2) a declaration by Harralson, and (3) a request for judicial notice of John's notice of appeal and this court's November 2020 opinion. Maria's notice of motion stated she "does move for an order determining that she is the prevailing party for purposes of the Civil Code §1717" and asserted she was "entitled, pursuant to Civil Code §1717, to an award of attorney's fees as an item of costs and fixing the amount of attorney's fees as prevailing parties pursuant to Code of

4.

Civil Procedure §527.6(s) in connection with the appeal ….'' The reference to Civil Code section 1717 was a mistake because that provision governs attorney fees awarded under a contract. The mistake was not repeated in Maria's memorandum of points and authorities, which stated she was "seeking statutory attorney's fees as provided in Code of Civil Procedure §527.6(s), as an item of cost" and did not mention Civil Code section 1717. The memorandum of points and authorities also asserted attorney fees on appeal could be claimed as an item of costs pursuant to Rule 3.1702.

On May 6, 2021, John filed 11 documents with the superior court including (1) a preemptory challenge under section 170.6; (2) an ex parte motion for order to strike Maria's memorandum of costs; (3) an ex parte motion to strike or in the alternative tax the fees requested by Maria; (4) a memorandum in support of the motion to strike; (5) a declaration in support of the motion to strike attorney fees; (6) an opposition and objection to Maria's memorandum of points and authorities in support of her attorney fees motion; (7) an opposition and objection to Maria's notice and motion to determine and fix attorney fees; (8) an "OBJECTION AND OPPOSITION" to Harralson's declaration; (9) a request for judicial notice; and (10) a proposed order on John's ex parte motions.

In his papers, John contended (1) the memorandum of costs was filed after the 40-day period in Rule 8.278(c)(1) had expired; (2) Maria had misapplied the law by contending she was a prevailing party under Civil Code section 1717 and was entitled to an award of attorney fees as an item of costs under section 527.6, subdivision (s); and (3) if any fees were awarded, the amounts claimed were unnecessary, inflated, and excessive.

In June 2021, Maria filed a reply contending the 40-day period was extended five days by operation of section 1013, subdivision (a) because the remittitur was mailed to the parties. The reply, in an apparent response to John's argument about the misapplication of Civil Code section 1717, quoted section 527.6, subdivision (s) in its

entirety and clarified that Maria was "seeking statutory attorney's fees as provided in Code of Civil Procedure §527.6(s), as an item of cost."[3] The reply also argued the attorney fees sought were reasonable under the lodestar method of multiplying the number of hours reasonably expended by a reasonable hourly rate.

After several continuances, the trial court held a status conference on April 13, 2022. The minute order from that conference stated: "Matter set for arguments on the issues of motion for attorney fees, motion to strike and opposit[ion] to the date and time as agreed by both parties below." The next line stated: "Set for <u>August 3, 2022</u> at 8:30 in Dept. 404 for <u>Oral Arguments</u>." The minute order identifies the court reporter present, but the record on appeal does not include the court reporter's transcript of the oral proceedings.

*August 2022 Hearing*

The August 3, 2022 hearing went forward as scheduled. After confirming the presence of Maria's attorney and John along with their readiness to proceed, the trial court swore in Maria's attorney and asked some basic questions about the percentage of his practice that was civil and criminal (50/50), how long he had been practicing (39 years), and the location of his practice (Fresno County). Next, after some confusion about which of the many cases involving John and Maria was being heard, the court recounted some of the matter's procedural history, stating it had been continued on February 7th to April 13th and, on April 13th, Maria's attorney and John had appeared and "we set it for today for just an oral argument[] on the motion for attorney's fees." Maria's attorney suggested he could testify that the facts in his declaration were true or he

---

[3] We conclude the mistaken reference to Civil Code section 1717 in Maria's notice of motion does not prevent Maria from recovering attorney fees under section 527.6, subdivision (s) because both the trial court and John were adequately notified by her other papers that her request was based on a statute—namely, section 527.6, subdivision (s)—not a contract subject to the requirements of Civil Code section 1717.

6.

could go through them individually. The court responded: "No. I think we're just here for oral argument. Are you submitting on your briefs?" Maria's attorney responded, "Yes, your Honor."

John then presented his argument, emphasizing that Maria's request was not filed within the 40-day period and that period should not be extended five days for mailing. John asserted that when Maria's counsel "told you he has five days, he did not have five days from mailing. That was just [an] outright misstatement. And if anybody would have had five days, it's the person that he mailed [the remittitur] to. I would have had five days, not Mr. Harralson." John summed up the argument by stating: "When you're late, you miss the deadline, you miss the deadline." The hearing concluded with the following exchange:

"THE COURT: Okay. Give me just a second. I want to see one more thing.

"[JOHN]: And that would be extremely prejudic[ial] if this wasn't done by Rule of Court and the law.

"THE COURT: Okay. Mr. Harralson, I don't know if you needed to—

"MR. HARRALSON: Your Honor, I believe we filed the memorandum of cost in the required time. I'm not prepared to argue the details of that, but we submitted it in our papers.

"[JOHN]: I would object to that, your Honor, because that's not true.

"THE COURT: I understand. All right. The Court will take the matter under submission and issue its ruling shortly. Okay. Thank you.

"[JOHN]: Thank you."

Two days later, the trial court filed a five-page order in which it determined Maria was the prevailing party and, pursuant to Rule 8.278(d)(2), she was entitled to seek attorney fees as an item of costs under Rule 3.1702. The court concluded the 40-day

7.

deadline was subject to a five-day extension under section 1013, subdivision (a) and, therefore, found Maria's "Memorandum of Costs was timely filed." The court did not separately address the timeliness of the motion for attorney fees. The court addressed the amount of reasonable attorney fees by finding the hourly rates claimed by Maria's attorney for himself ($300), his law clerk ($150), and his administrative assistant ($45) were reasonable and within the community's prevailing market rates. The court also found one of the billing entries on the invoice was duplicative, another was vague, and "a reasonable award of attorney's fees incurred in the appeal of this matter, and recoverable as an item of cost, is $16,258.50." The award was $225 less than the amount requested. The court's order was not phrased in terms of granting or denying the pending motions. John filed a timely appeal.

*Supplemental Briefing Order*

In June 2024, after John's appellant's reply brief was filed, this court filed an order (1) advising the parties that it might, on its own motion, take judicial notice of the "E-Notice" prepared by the deputy clerk who notified the parties of the issuance of the March 11, 2021 remittitur and (2) authorizing, but not requiring, supplemental briefs to be filed within 15 days. The issues to be briefed were set forth in an attachment to the order and included (1) whether section 1010.6, subdivision (a)(4) governed when Maria's attorney was deemed to have been served with the remittitur; (2) whether Rules 3.1700(b)(3) and 3.1702(d) granted the trial court the discretion to extend the time for filing Maria's cost memorandum and her attorney fees motion, respectively; (3) whether, assuming the court had the authority to grant discretionary extensions, this court should infer the trial court granted such extensions; and (4) whether, assuming such an inference was not drawn, the matter should "be remanded to the trial court with instructions to explicitly acknowledge its discretionary authority to extend the deadline and state whether or not, on its own motion, it is granting a two-day extension."

8.

John applied for an extension of time.  We extended the deadline to July 30, 2024, and denied his request to allow the parties to file replies to the supplemental briefs.

Maria's supplemental brief stated she did not oppose this court taking judicial notice of the "E-Notice" related to the March 11, 2021 remittitur.  Contrary to his interests, John's supplemental brief opposed judicial notice of the document, arguing the authority granted by Evidence Code section 452 did not encompass the document and, in any event, the document was irrelevant and of no material value to the issues in the appeal.

*Oral Argument*

To assist the parties in preparing for oral argument scheduled for November 21, 2024, this court issued a November 15, 2024 order granting its own motion to take judicial notice of the "E-Notice" and advising the parties of certain specific issues they should be prepared to address.  The information in the "E-Notice" was favorable to John because it showed the deputy clerk sent the remittitur by USPS mail only to John and sent it electronically to Harralson's email address, which meant the trial court made a factual error in finding the remittitur had been "mailed to the *parties*."  The fact Harralson was sent the remittitur by email undercuts the trial court's conclusion that Maria was entitled to the five-day extension applicable to documents served by USPS mail.

The order also encouraged the parties to be prepared to argue in the alternative rather than digging in their heals on threshold issues and, as a result, asserting other issues should not be reached or were rendered moot by their earlier arguments.  None of the questions specified in the order had not been "proposed" by the June 2024 supplemental briefing order or "proposed or briefed by any party to the proceeding" for purposes of Government Code section 68081 as interpreted by our Supreme Court in *People v. Alice* (2007) 41 Cal.4th 668, 674–679.[4]

---

[4]    The Supreme Court stated litigants did not have a right under Government Code section 68081 "to submit supplemental briefs or be granted a rehearing each time an

9.

At the November 21, 2024 oral argument, John asserted he had not had enough time to review the November 15, 2024 order. As a result, this court continued the oral argument to its January 2025 calendar.

On January 23, 2025, the matter was argued and Maria's counsel acknowledged the remittitur had been sent to him by email, not by USPS mail, and he mistakenly told the trial court it had been mailed to him.[5] As a result, counsel stated he was not relying on the five-day extension for documents served by mail, but was relying on the two-day extension for documents served electronically. (See § 1010.6, subd. (a)(3)(B).) This approach was consistent with Maria's supplemental brief, which argued that her cost memorandum and attorney fees motion were timely under the two-day extension for electronic service contained in section 1010.6, subdivision (a)(3)(B). In response, John reiterated his argument that remittiturs were not served and, therefore, the extensions for service by mail or electronically did not apply. At the conclusion of argument, the matter was submitted.

*Overview of John's Arguments*

John's opening brief requests this court to reverse or vacate the order awarding $16,258.50 in attorney fees to Maria as an item of costs on appeal. Alternatively, John asks us to determine the attorney fees award was an abuse of discretion and remand with directions for the trial court to determine whether attorney fees should be granted or not and, if granted, to determine a reasonable amount. In connection with these

---

appellate court relies upon authority or employs a mode of analysis that was not briefed by the parties. The parties need only have been given an opportunity to brief the issue decided by the court, and the fact that a party does not address an issue, mode of analysis, or authority that is raised or fairly included within the issues raised does not implicate the protections of section 68081." (*People v. Alice*, *supra*, 41 Cal.4th at p. 679.)

[5] This oral acknowledgment complies with a lawyer's duty "to correct a false statement of material fact … previously made to the tribunal by the lawyer." (Cal. Rules Prof. Conduct, rule 3.3(a)(1) [duty of candor].)

determinations, John requests we direct the trial court to (1) hold a new hearing, (2) take live testimony, (3) consider all relevant matters, including his motion to strike the cost memorandum, his motion to strike or tax $14,490 in fees claimed in Maria's attorney fee motion, and his objections to Harralson's declaration, and (4) not make any award of attorney fees as *an item of costs* on appeal.

John's opening brief includes a "QUESTIONS" section containing three numbered paragraphs. His first question asks whether the 40-day period in Rule 8.278(c)(1) is subject to a five-day extension under section 1013, subdivision (a). If the extension does not apply, John contends the cost memorandum and the attorney fees motion are untimely and must be denied. John's second question asks whether the trial court abused its discretion by failing to determine section 527.6, subdivision (s) was a discretionary attorney fee award statute that did not require the court to award any amount and also authorized the court to reduce the amount requested. John's third question asks whether his due process rights to be heard and to have his motion to strike or tax Maria's fee motion by $14,490 considered were violated by, among other things, the trial court discontinuing oral argument at the August 2022 hearing and taking the matter under submission based on the briefs filed.

Besides the issues raised by John, this opinion also addresses issues set forth in our June 2024 supplemental briefing order. Issues about discretionary extensions (see Rules 3.1700(b)(3), 3.1702(d)) and the appropriate relief on appeal are addressed in part II.B. and II.C. of this opinion.

## DISCUSSION

## I.     BASIC LEGAL PRINCIPLES

Our opinion affirming the trial court's denial of John's request for a restraining order stated Maria "shall recover her costs on appeal." (*Wash v. Banda-Wash* (Nov. 19, 2020, F075724) [nonpub. opn.], p. 19.) The opinion did not address, one way or the

other, whether Maria should recover the attorney fees she incurred in the appeal. As a result, Maria's request for attorney fees is subject to Rule 8.278(d)(2), which provides: "Unless the court orders otherwise, an award of costs [on appeal] neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702."

The following procedural facts are relevant to John's argument that Maria's memorandum of costs on appeal and her motion for attorney fees were untimely. First, the remittitur was issued by the clerk of this court on March 11, 2021. Second, April 20, 2021, was the 40th day after issuance of the remittitur. Third, Maria filed her cost memorandum and her motion for attorney fees two days later, on April 22, 2021. The question raised in this appeal is whether the trial court erred in extending the 40-day period and concluding Maria's requests were timely. To provide context for this question, we set forth some basic provisions addressing the recovery of attorney fees and costs on appeal.

A.      Costs on Appeal

Section 1034, subdivision (b) states: "The Judicial Council shall establish by rule allowable costs on appeal and the procedure for claiming those costs." (§ 1034, subd. (b).) Pursuant to this statute, the Judicial Council adopted Rule 8.278, which is titled "Costs on appeal."

Rule 8.278(a)(1) states that, except as otherwise provided by it or a statute, the prevailing party in a civil appeal is entitled to costs on appeal. The various kinds of prevailing party established by rule include "the respondent if the Court of Appeal affirms the judgment without modification[.]" (Rule 8.278(a)(2).) Under this provision, Maria qualified as the prevailing party in John's appeal from the denial of his restraining order request. Accordingly, our opinion stated Maria "shall recover her costs on appeal."

The procedure for claiming those costs is set forth in Rule 8.278(c); the relevant part of its text is quoted later in this opinion. The specific costs on appeal that may be

recovered, if reasonable, are listed in Rule 8.278(d)(1). Here, Maria's memorandum of costs on appeal sought to recover only the $390 appearance fee she paid to this court. The appearance fee is recoverable as a filing fee under Rule 8.278(d)(1)(A).

B.    Attorney Fees on Appeal

California follows "the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees." (*Trope v. Katz* (1995) 11 Cal.4th 274, 278.) This rule applies unless the recovery of attorney fees is "specifically provided for by statute" or the parties have agreed upon "the measure and mode of compensation of attorneys." (§ 1021.) On a matter of terminology related to one of John's arguments, attorney fees can be classified as "costs" because section 1033.5, subdivision (a)(10) provides that one of the items "allowable as *costs* under Section 1032" is "[a]ttorney's fees, when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law." (Italics added.)

Based on these statutory provisions, "[a]ttorney fees are recoverable *as costs* only where expressly authorized by contract or statute." (*Stratton v. Beck* (2018) 30 Cal.App.5th 901, 909 (*Stratton*), italics added.) Here, the statutory basis for Maria's recovery of attorney fees is subdivision (s) of section 527.6, which states in full: "The prevailing party *in an action* brought pursuant to this section may be awarded court costs and attorney's fees, if any." (Italics added.)

As a general rule, attorney fee statutes are interpreted to apply to attorney fees on appeal unless the statute specifically provides otherwise. (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 929; accord, *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499.) The text of section 527.6 does not provide otherwise.

Furthermore, we interpret the word "action" in section 527.6, subdivision (s)'s phrase "in an action" to include both trial court and appellate proceedings. (See §§ 30 [definition of a civil action], 904 ["appeal may be taken in a civil action or proceeding as

provided in Sections 904.1, 904.2, 904.3, and 904.5"].)  Applying that definition, we conclude attorney fees incurred in an appeal also are incurred "in an action" for purposes of subdivision (s) of section 527.6.  (See *Atkinson v. Department of Motor Vehicles* (2024) 102 Cal.App.5th 997, 1001 [Gov. Code, § 800 authorizes the recovery of attorney fees incurred on appeal].)  Therefore, the statute expressly authorizes the recovery of attorney fees incurred in an appeal.

The recovery of attorney fees under subdivision (s) of section 527.6 is committed to the trial court's discretion.  This point of law is not disputed by Maria.  The Legislature's use of the word "may" plainly indicates the issues of whether to award any fees and, if awarded, the amount recovered are committed to the trial court's discretion.  (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802 (*Krug*).)

C.	Service of a Document

The trial court concluded the five-day extension for documents served by USPS mail (§ 1013, subd. (a)) applied to the remittitur and, therefore, Maria's requests were timely.  At oral argument, Maria's counsel acknowledged the remittitur had been sent to him by email and, therefore, he asserted Maria's requests were timely under the two-day extension applied when a document is served electronically (§ 1010.6, subd. (a)(3)(B)).  John contends remittiturs are not served and, therefore, extensions based on the type of service do not apply to the 40-day period.

Chapter 5 (commencing with section 1010) of title 14 of part 2 of the Code of Civil Procedure addresses notices and the filing and service of papers.  Section 1010 states:  "Notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code."  Under that chapter, service may be accomplished by physical delivery of the papers to a party or the party's attorney in accordance with section 1011 (i.e., personal service), by electronic

14.

delivery in accordance with section 1010.6, by USPS mail as prescribed in sections 1012 and 1013, and by telegraph as specified in section 1017.

" 'Electronic service' means service of a document, on a person, by either electronic transmission or electronic notification." (§ 1010.6, subd. (a)(1)(A).) Electronic transmission is accomplished by transmitting the document by electronic means to a person's electronic service address. (§ 1010.6, subd. (a)(1)(B).) Electronic notification, which is not applicable in this case, involves sending an electronic message with a hyperlink for viewing and downloading the document. (§ 1010.6, subd. (a)(1)(C).)

The foregoing statutory provisions fit with a legal dictionary's general definition of "service" as "[t]he formal delivery of a writ, summons, or other legal process, pleading, or notice to a litigant or other party interested in litigation; the legal communication of a judicial process <service by mail>." (Black's Law Dict. (12th ed. 2024) p. 1648).)

II.     TIMELINESS

A.      <u>Forty Days After Issuance of the Remittitur</u>

The procedure for claiming costs on appeal is set forth in Rule 8.278(c)(1), which states: "Within 40 days after issuance of the remittitur, a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs under rule 3.1700." Rule 8.278(c)(1) also applies to Maria's request for attorney fees because it is referred to in Rule 3.1702(c)(1), which states in relevant part:

> "A notice of motion to claim attorney's fees on appeal … under a statute or contract requiring the court to determine entitlement to the fees, the amount of the fees, or both, must be served and filed within the time for serving and filing the memorandum of costs under rule 8.278(c)(1) in an unlimited civil case[.]"

The word "must," which is mandatory, is used in both Rules 8.278(c)(1) and 3.1702(c)(1). (See Rule 1.5(b)(1) [definition of must].) Accordingly, the timing provisions for filing of a memorandum of cost or a motion claiming attorney fees on

15.

appeal are mandatory.  (See *Hydratec, Inc. v. Sun Valley 260 Ochard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 929.)  However, the time limits are not jurisdictional, and they may be extended.  (*Ibid*.; see Rules 3.1700(b)(3), 3.1702(d).)

### 1.    *Question of Interpretation Presented*

Whether Maria's requests were timely based on the two-day extension contained in section 1010.6, subdivision (a)(3)(B) requires us to interpret that provision and Rule 8.278(c)(1).  The proper interpretation of statutes and court rules are questions of law subject to de novo review by appellate courts.  (*Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1123.)

Section 1010.6, subdivision (a)(3)(B) provides:  "Any period of notice, or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic means by two court days," subject to certain exceptions that are not relevant here.

Initially, we conclude a prevailing party's right to claim costs awarded on appeal within 40 days qualifies, for purposes of subdivision (a)(3)(B) of section 1010.6, as a right to do an act within a time period prescribed by a rule of court.  Consequently, the statute's two-day extension will apply to the 40-day period in Rule 8.278(c)(1) if that period starts to run "after service of the document" as that phrase is used in section 1010.6, subdivision (a)(3)(B).[6]

Rule 8.278(c)(1) does not refer to "service" of the remittitur, but provides the prevailing party's memorandum of costs must be filed and served "[w]ithin 40 days after issuance of the remittitur[.]"  As a result, the question of interpretation is whether the

---

[6]    The phrase also is used in section 1013, subdivision (a).  As a result, the specific issue of statutory interpretation presented—that is, whether there was "service of the" remittitur—is the same, regardless of whether the remittitur was sent by USPS mail or electronically.

phrase "after issuance of the remittitur" should be equated with the phrase "after service of the document" contained in section 1010.6, subdivision (a)(3)(B). As explained below, we conclude "issuance" and "service" mean different things.

Rule 8.278 does not define "issuance." However, Rule 8.272, which addresses remittiturs, provides insight into that term's meaning. Rule 8.272(a) states: "A Court of Appeal *must issue* a remittitur after a decision in an appeal." (Italics added.) Here, John filed a petition for review, which the Supreme Court denied. In that situation, the clerk of the Court of Appeal is required to "*issue* a remittitur immediately after the Supreme Court denies review[.]" (Rule 8.272(b)(1)(A), italics added.) The provision most relevant to the meaning of the words "issue" and "issuance" is Rule 8.272(d)(1), which provides: "The remittitur is *deemed issued* when the clerk/executive officer *enters* it in the record. The clerk/executive officer must immediately *send* the parties notice of issuance of the remittitur, showing the date of entry." (Italics added.) Thus, the provision's action verbs are "enters" and "send," not "serve."

Substituting Rule 8.272(d)(1)'s description of when a remittitur is "deemed issued" for the word "issuance" in Rule 8.278(c)(1) causes the latter provision to read: "Within 40 days after [the clerk/executive officer enters] the remittitur [in the record], a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs under rule 3.1700." (Rule 8.278(c)(1).) This substitution results in the question of interpretation being rephrased as whether the entry of a remittitur in the record is the equivalent of "service of the [remittitur]." (§ 1010.6, subd. (a)(3)(B).)

### 2. *Analysis of the Competing Interpretations*

At oral argument, Maria's counsel supported his interpretation by referring to a dictionary definition. (See *Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1122 [courts may refer to dictionary definitions when attempting to ascertain the

ordinary, usual meaning of a word].)  Black's Law Dictionary, *supra*, defines "issuance" as "[t]he practice or an instance of putting, sending, or giving something out to the public, to subscribers, etc." (Black's Law Dict. (12th ed. 2024) p. 994.)  Counsel argued this is done when a document is served and, therefore, issuance and service should be treated as the same thing.

John argues issuance and service are different and supports this interpretation by referring to materials discussing a change to an earlier version of Rule 8.278(c)(1).  That version stated:  "Within 40 days after *the clerk sends notice of* issuance of the remittitur, a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs under rule 3.1700."  (Former Rule 8.278(c)(1), italics added.)  In 2015, a proposal to eliminate the italicized words and revise Judicial Council form MC-013, Memorandum of Costs on Appeal, was circulated for comment. (See Judicial Council of Cal., Invitation to Comment, SPR15-07 (2015), Appellate Procedure:  Costs on Appeal.)  The invitation to comment stated:

> "[R]ule 8.278 addresses costs on appeal.  Subdivision (c)(l) establishes the timeframe within which a memorandum of costs must be filed.  Currently, this provision requires that the memorandum be filed within 40 days *after the clerk sends notice of issuance of the remittitur*.  However, because reviewing courts do not use a proof of service when sending the remittitur, parties do not have an easy way to determine when the remittitur was sent. This proposal would amend rule 8.278 to instead require the memorandum of costs to be filed *within 40 days of the date of issuance of the remittitur*. This date can easily be determined by the parties because it will be reflected on the docket and on the remittitur document itself." (Judicial Council of Cal., Invitation to Comment, SPR15-07 (2015), Appellate Procedure:  Costs on Appeal, p. 1, italics added.)

The invitation to comment supports the inference the Judicial Council intended the 40-day period to be calculated from the date the remittitur was entered into the record—an entry that would be reflected on the docket—rather than the date the remittitur was sent to the parties—a date that would not necessarily be the same as the date the remittitur was entered into the record.  This inference reasonably supports the further

inference that the Judicial Council did not intend to adopt a filing period that varied based on how or when the remittitur was sent to the parties. We have located nothing in the invitation to comment suggesting the Judicial Council had a contrary intent.

Additional support for concluding "issuance" is not the equivalent of "service" is the fact the Judicial Council, when it desired, clearly knew how to use service as the event starting a time period. One example is Rule 3.1700(a)(1), which states in part:

> "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days *after the date of service* of the notice of entry of judgment or dismissal by the clerk under … section 664.5 or *the date of service* of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." (Italics added.)

A second example is Rule 3.1700(b)(1), which states in full:

> "Any notice of motion to strike or to tax costs must be served and filed 15 days *after service* of the cost memorandum. If the cost memorandum was served by mail, the period is extended as provided in … section 1013. If the cost memorandum was served electronically, the period is extended as provided in … section 1010.6(a)(4)." (Italics added.)

Other examples of time periods that begin running with service of a document are provided by Rules 8.104(a)(1) and 8.108(b)(2)(A). These provisions demonstrate the Judicial Council knew how to express the intention to start a period running from the date of service of a document. As a result, we infer the Judicial Council recognized that starting a time period with the "issuance" of a document was different from using service as the starting date.

Maria contends her interpretation implements the directive in Rule 1.5(a) stating "the California Rules of Court must be liberally construed to ensure the just and speedy determination of the proceedings that they govern." We conclude this general rule of construction does not outweigh the inferences that "issuance" was not intended to be the equivalent of "service." First, a bright line rule starting the 40-day period when the remittitur is entered in the record is not inherently unjust. Second, if applying the bright

19.

line rule would result in an injustice in a particular case, the injustice could be ameliorated by liberally interpreting the discretionary extensions discussed in an unpublished part of this opinion. Third, it is self-evident that automatically applying a statutory extension would slow down the proceedings, which somewhat undercuts the stated purpose of ensuring a "speedy determination of the proceedings." (Rule 1.5(c).)

### 3. Conclusion

We interpret Rule 8.278(c)(1) to mean the 40-day period begins to run when the remittitur is entered into the record. Furthermore, we interpret the word "service" used in section 1010.6, subdivision (a)(3)(B) to mean something other than the entry of a remittitur into the record. Therefore, the two-day extension for documents served electronically does not apply to the 40-day period specified by Rule 8.278(c)(1). Applying this interpretation to the facts of this case, the 40-day period expired on April 20, 2021, and, as a result, Maria's cost memorandum and attorney fees motion are untimely, unless an exception or another extension applies.

### B. Court's Discretionary Authority to Extend the Filing Period[*]

#### 1. Attorney Fees

Rule 3.1702 allows the 40-day period for filing a motion to claim attorney fees on appeal to be extended in two ways. First, "[t]he parties may by stipulation filed before the expiration of the time allowed under (c)(1) extend the time for filing the motion up to an additional 60 days[.]" (Rule 3.1702(c)(2).) Second, "[f]or good cause, the trial judge may extend the time for filing a motion for attorney's fees in the absence of a stipulation or for a longer period than allowed by stipulation." (Rule 3.1702(d).) Unlike the provision addressing stipulations by the parties, Rule 3.1702(d) does not expressly state such an extension by a judge must be granted before the 40-day period expires.

---

[*]     See footnote, *ante*, page 1.

Therefore, we conclude a judge's authority is not subject to that restriction and an extension under Rule 3.1702(d) may be granted after the 40-day period has expired.

In his supplemental brief, John argues that because Rule 8.278(c)(1) does not authorize any extensions of the 40-day period, trial courts lack the discretion to extend the 40-day period. He also argues the trial court's authority to grant extensions under Rule 3.1702(d) "does not apply to discretionary attorney's fees[.]"

We reject these arguments based on the text and structure of Rule 3.1702. Rule 3.1702(b) addresses the recovery of attorney fees incurred before the rendition of the trial court's judgment. Rule 3.1702(c) governs the recovery of attorney fees incurred on appeal. Both subdivision (b) and (c) include a provision for extending time by stipulation of the parties. Those subdivisions, however, do not contain a provision authorizing a judge-granted extension. Rather, judge-granted extensions are authorized by a separate subdivision that refers to "the time for filing a motion for attorney's fees" without any reference to whether the fees were incurred before rendition of the trial court's judgment or were incurred on appeal. (Rule 3.1702(d).) As a result, we conclude the authority for judges to grant extensions contained in Rule 3.1702(d) applies to motions for attorney fees incurred before entry of the trial court's judgment under Rule 3.1702(b) and motions such as Maria's, which seek attorney fees on appeal under Rule 3.1702(c). Furthermore, the text of Rule 3.1702(d) does not state or imply the authority to grant an extension is limited to motions where the award of attorney fees is mandatory.

### 2. *Memorandum of Costs*

Rule 8.278(c)(1) refers to the filing "in the superior court [of] a verified memorandum of costs under rule 3.1700." Rule 3.1700 allows extensions of time for filing a memorandum of costs when either the parties agree to the extension or the trial court grants more time. Specifically, Rule 3.1700(b)(3) provides: "In the absence of an

agreement, the court may extend the times for serving and filing the cost memorandum or the notice of motion to strike or tax costs for a period not to exceed 30 days."

### 3. *Scope of Trial Court's Discretion*

Both Rules 3.1702(d) and 3.1700(b)(3) use the phrase "may extend." " 'May' is permissive." (Rule 1.5(b)(2).) Therefore, we conclude the trial court has the discretion to extend the time for filing a memorandum of costs on appeal or a motion for attorney fees on appeal. (See *Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 326 [flexibility of Rule 3.1702(d) allows a judge to extend time for good cause].)

Furthermore, in accordance with existing case law, we conclude a trial court may grant extensions on its own motion. (*Adam v. DeCharon* (1995) 31 Cal.App.4th 708, 713.) In other words, a party is not required to request an extension. (*Cardinal Health 301, Inc. v. Tyco Electronics Corp.* (2008) 169 Cal.App.4th 116, 155 (*Cardinal Health*).) In addition, the rules do not specifically require the court state that it granted an extension. (*Ibid*.)

In sum, the trial court has the authority under Rule 3.1700(b)(3) to grant Maria a discretionary two-day extension for filing and serving her memorandum of costs on appeal. In addition, if the court determines there is good cause for an extension, it has the discretion under Rule 3.1702(d) to grant Maria a two-day extension for filing her motion for attorney fees. If these extensions were granted, Maria's requests would be timely.

### 4. *We Cannot Infer the Trial Court Exercised Its Discretion*

The trial court's order did not state it was exercising its discretion and granting Maria a two-day extension to file her motion for attorney fees on appeal and her cost memorandum. Consequently, our order requesting supplemental briefing asked the parties whether we should infer the trial court, on its own motion, granted a two-day extension and referred the parties to *Cardinal Health*, *supra*, 169 Cal.App.4th 116 and *Adam v. DeCharon*, *supra*, 31 Cal.App.4th 708.

In *Cardinal Health*, unlike this case, the appellant did not argue in the trial court that the cost memorandum was untimely.  As a result, the Fourth District concluded the untimeliness challenge was forfeited.  (*Cardinal Health*, *supra*, 169 Cal.App.4th at p. 155.)  As an alternative rationale, which was relevant to our briefing order, the appellate court inferred the trial court, on its own motion, granted a two-week extension to file the cost memorandum.  (*Ibid*.)  The court explained the inference by stating Rule 3.1700(b)(3) authorized the trial court to grant a 30-day extension on its own motion and:  "The rule does not require that the party expressly request the extension, or that the court specifically state that it granted the extension.  A trial court is presumed to know and understand the applicable law."  (*Cardinal Health*, *supra*, at p. 155.)  The Fourth District then addressed whether the trial court abused its discretion in granting the extension and concluded it did not, noting there was no basis for concluding the appellant would have been prejudiced by the extension.  (*Ibid*.)

John's supplemental brief asserts it would be error to conclude the trial court impliedly determined to extend the time because, among other things, a showing of good cause is required to grant an extension to file an attorney fees motion under Rule 3.1702(d).  In John's view, Maria did not make a good cause showing before the trial court.

We agree with John that, in the circumstances of this case, it is not appropriate to infer the trial court impliedly granted discretionary extensions.  The circumstances relevant to this determination include (1) John's challenge in the trial court to the timeliness of Maria's request; (2) the absence of any mention of the court's discretionary authority to grant extensions in Maria's moving and reply papers; (3) the court's explicit statement that Maria's requests were timely due to the five-day extension for service by USPS mail; and (4) no reference by the court to its discretionary authority to grant extensions.  Thus, the record is not silent as to the court's reasoning on the timeliness issue.  As a result, the general rule requiring appellate courts to presume a trial court's

23.

order is correct and to indulge all intendments and presumptions "to support it on matters as to which the record is silent" does not apply to the question of timeliness and extensions. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) As a result, we cannot draw the inferences and indulge the presumption relied upon by the Fourth District in *Cardinal Health*, *supra*, 169 Cal.App.4th 116.

        C.       <u>Appropriate Relief on Appeal</u>[*]

Because the principles of appellate review preclude the inference that the trial court granted a discretionary extension, the trial court's determination that Maria's requests were timely cannot be upheld on that ground. As a result, we must determine what relief is warranted in this appeal.

One possibility is to vacate the order awarding attorney fees and direct the trial court to deny the motion as untimely. This is the relief requested by John. He argues, in part, that Maria waived or forfeited any claim to a discretionary extension. We conclude this waiver or forfeiture argument is not applicable in this situation because a trial court may grant an extension on its own motion without a request from a party. (See *Cardinal Health*, *supra*, 169 Cal.App.4th at p. 155 [a party is not required to request an extension].) In other words, the lack of a request from Maria does not bar the court from granting her an extension.

A second possibility is for us to decide whether a discretionary extension should be granted or denied and then enter relief in accordance with that decision. To grant such an extension, we would have to determine "good cause" exists and then exercise the discretionary authority contained in Rule 3.1702(d). In evaluating whether it is appropriate for us to take these steps, we consider the following general principles about a good cause requirement adopted by our Supreme Court: "The concept of good cause should not be enshrined in legal formalism; it calls for a factual exposition of a

---

[*]      See footnote, *ante*, page 1.

24.

reasonable ground for the sought order. The good cause may be equated to a good reason for a party's failure to perform that specific requirement from which he seeks to be excused." (*Waters v. Superior Court* (1962) 58 Cal.2d 885, 893.)

We also consider the First District's discussion of good cause under Rule 3.1702(d). The court stated the rule is remedial and liberally interpreted, noted the flexibility of the concept of good cause, and concluded it "should pay special deference to the trial court's view[.]" (*Robinson v. U-Haul Co. of California*, *supra*, 4 Cal.App.5th at pp. 326–327.) The court also stated "[c]ounsel's 'honest mistake of law' may constitute good cause under Rule 3.1702(d), depending in large part on the reasonableness of the misconception." (*Robinson*, *supra*, at p. 327.) The court addressed the role of prejudice to the party opposing the attorney fees motion, stating: "Even a claim of inadvertence, if it is not prejudicial, may constitute good cause for a late filing." (*Id*. at p. 326.)

Here, the parties have not had an opportunity to develop the factual record on the issues of good cause, an honest mistake of law, and prejudice.[7] In light of the factual nature of the inquiry into good cause and the special deference appellate courts give trial

---

[7] We recognize John has argued it would be extremely prejudicial not to hold Maria to the 40-day deadline. His argument, however, was not supported by evidence of an event or events occurring between April 20, 2021, and April 22, 2021, that negatively affected his ability to defend against the attorney fees motion on its merit. (See *People v. Lowe* (2007) 40 Cal.4th 937, 946 [examples of how to establish prejudice include showing a witness has become unavailable, evidence has disappeared, or the memory of a potential witness has faded]; *Pollard v. Saze & Yolles Dev. Co.* (1974) 12 Cal.2d 374, 381 ["In the absence of prejudice, the trial court has broad discretion in allowing relief on grounds of inadvertence from a failure to timely file a cost bill"].)

Counsel for Maria might argue he filed her requests after the 40-day period because he erroneously believed that period was extended by section 1013 or 1010.6. The secondary authority he cited below and in his appellate briefs appears to be out of date because it states the clerk of the appellate court "is required *to mail* a notice to the parties that it has issued the remittitur." (5 Cal. Forms of Pleading and Practice–Annot. (Matthew Bender 2024) Procedure for Issuance of Remittitur, § 53.12[3], italics added.)

courts' decisions granting or denying an extension under Rule 3.1702(d), we cannot conclude, as a matter of law, that an extension should have been granted or should have been denied.

Consequently, we consider a third possibility for appellate relief. It was raised in our June 2024 supplemental briefing order where, after directing the parties to make certain assumptions, we asked:

> "Should the matter be remanded to the trial court with instructions to explicitly acknowledge its discretionary authority to extend the deadline and state whether or not, on its own motion, it is granting a two-day extension? (See Code Civ. Proc., §§ 43, 906 [relief that may be granted by reviewing court includes directions for 'further proceedings to be had'].)"

Based on our determination that we should not exercise the discretion given to the trial court, we conclude the appropriate appellate relief (assuming John does not prevail on his substantive challenges to the award of attorney fees considered below) is to vacate the award of attorney fees and remand for further proceedings in which the trial court determines whether it will exercise its discretion and grant Maria a two-day extension of time pursuant to Rules 3.1702(d) and 3.1700(b)(3). We note that if John prevails on his argument that no attorney fees should have been awarded, the procedural question of granting an extension will be rendered moot and further proceedings would not be needed.

III.    SUBSTANTIVE CHALLENGES TO THE ATTORNEY FEE AWARD[*]

John refers to the phrase "may be awarded" in section 527.6, subdivision (s) and correctly asserts the grant or denial of an award of attorney fees is a matter within the trial court's discretion. (*Krug*, *supra*, 172 Cal.App.4th at p. 802 ["decision whether to award attorney fees to a prevailing party … is a matter committed to the discretion of the trial court"].) John contends the trial court failed to exercise its discretion. Under John's

---

[*]      See footnote, *ante*, page 1.

interpretation of the record, the trial court considered attorney fees to be mandatory instead of recognizing it had the discretion to deny the attorney fees motion.

We agree that if the trial court had determined an award of attorney fees was mandatory, it would have committed legal error and thereby abused the discretion granted by section 527.6, subdivision (s).  (See *County of Kern v. T.C.E.F., Inc.* (2016) 246 Cal.App.4th 301, 316 [application of an incorrect rule of law is an abuse of discretion].)  Whether a trial court committed legal error is subject to de novo review on appeal. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 712.)  As explained below, we reject the contention that the trial court determined it was required by law to award Maria her attorney fees on appeal and, as a result, mistakenly concluded it lacked the discretion to deny her fee request.

A.     Awarding Attorney Fees as an Item of Costs

The trial court's order stated "Rule 8.278(d)(2) … permits a party who is awarded costs on appeal to seek attorney's fees as an item of cost under [Rule] 3.1702" and Rule "3.1702(a) allows the prevailing party to make a claim for attorney's fees as an item of cost associated with an appeal as long the attorney's fees are reasonable."  John contends these statements are contrary to the language of the cited rules.

Our analysis of John's arguments begins with a review of the text of those rules. Rule 8.278(d)(2) provides that an appellate court's award of costs on appeal "neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702."  Rule 3.1702 addresses claims for attorney fees and its scope is described in subdivision (a):

> "Except as otherwise provided by statute, *this rule applies in civil cases to claims for statutory attorney's fees* and claims for attorney's fees provided for in a contract.  Subdivisions (b) and (c) apply when the court determines entitlement to the fees, the amount of the fees, or both, whether the court makes that determination because the statute or contract refers to 'reasonable' fees, because it requires a determination of the prevailing party, or for other reasons."  (Italics added.)

27.

Rule 3.1702(b) addresses the recovery of attorney fees incurred before the rendition of the trial court's judgment. As discussed in part II. of this opinion, Rule 3.1702(c) governs attorney fees on appeal.

John is correct in stating that neither Rule 3.1702 nor Rule 8.278 refers to the award of attorney fees *as an item of costs*. However, this does not mean that the trial court committed legal error in stating attorney fees could be awarded as an item of costs. When the recovery of attorney fees is "authorized by" statute, contract, or law, section 1033.5 provides that such fees are "allowable as costs under Section 1032." (§ 1033.5, subd. (a)(10).) Based on this statute, case law recognizes that "[a]ttorney fees are recoverable *as costs* only where expressly authorized by contract or statute." (*Stratton*, *supra*, 30 Cal.App.5th at p. 909, italics added.)

John argues section 1033.5, subdivision (a)(10) does not apply because the award of attorney fees under section 527.6, subdivision (s) is discretionary and not mandatory. We disagree with this interpretation of section 1033.5, subdivision (a)(10). In our view, the phrase "when authorized by" statute is not limited to awards of attorney fees *made mandatory by* statute. (§ 1033.5, subd. (a)(10).) Rather, attorney fees are authorized by statute for purposes of section 1033.5, subdivision (a)(10) even when the entitlement to those fees is committed to the trial court's discretion. Stated more broadly, fees are *authorized by* statute when the statute places various conditions on their recovery, including "when the court determines entitlement to the fees" under its discretionary authority. (Rule 3.1702(a).)

Maria, as the prevailing party, was eligible to request attorney fees under section 527.6, subdivision (s). Consequently, the trial court correctly determined she was permitted to *seek* or *claim* attorney fees *as an item of costs*. (See § 1033.5, subd. (a)(10)(B).)

B.   A Failure to Recognize the Statutory Basis for the Fee Award

Having decided it was legally permissible to award attorney fees as an item of costs in the circumstances of this case, we next consider whether the trial court erroneously determined an award of attorney fees to Maria was mandatory.  (See *Krug*, *supra*, 172 Cal.App.4th at p. 802 [award of fees under § 527.6 is committed to trial court's discretion].)  Under John's interpretation of the court's order, the court failed to acknowledge and exercise its discretion on the threshold issue of whether Maria should recover *any* fees.

Based on the trial court's statement that attorney fees could be sought or claimed under the rules of court, John infers the court determined the award of attorney fees was mandatory.  He argues Maria, by claiming attorney fees as an item of costs under those rules, did a bait and switch because the request should have been based on section 527.6, subdivision (s), which commits an award of fees to the trial court's discretion.

Here we consider whether the bait and switch asserted by John actually occurred.  Maria's memorandum of points and authorities in support of her attorney fees motion asserted, under a heading stating attorney fees were authorized by statute, that she was "seeking statutory attorney's fees as provided in Code of Civil Procedure §527.6(s), as an item of costs."  In addition, her reply quoted the text of section 527.6, subdivision (s) and reiterated her fee request was based on that statute.  These statements in Maria's papers show she did not attempt to confuse the court about the basis for her fee request—she plainly stated the fees were *authorized* by statute and *allowable* as an item of cost.  Thus, no bait and switch occurred.

John also infers the trial court did not base its determinations on subdivision (s) of section 527.6 because the court's written order did not cite or discuss the subdivision.  However, John cites no authority requiring the trial court to expressly acknowledge the statute under which the attorney fees award is being made.  In a case where attorney fees were claimed under section 425.16, California's anti-SLAPP statute, our Supreme Court

29.

stated: "The superior court was not required to issue a statement of decision with regard to the fee award." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140; accord, *Stratton*, *supra*, 30 Cal.App.5th at p. 915.) We conclude this principle also applies to awards of attorney fees in cases involving a civil harassment restraining order sought under section 527.6. Because the trial court was not required to issue a statement of decision and was under no obligation to cite the relevant attorney fees statute, the absence of any reference to section 527.6, subdivision (s) in the trial court's order cannot be characterized as error.

As to whether it is appropriate to infer the trial court did not base the award on section 527.6, subdivision (s), we consider the order's statement the court had "read the Motions and Opposition, and the Reply briefs, and accompanying exhibits and declarations[.]" Because Maria's moving and reply papers referred to section 527.6, subdivision (s) as the basis for her request and the court read those papers, the most reasonable inference is the court was aware of the statutory basis for Maria's request. In addition, this inference is supported by the presumption that a trial court's order is correct. (See *Denham*, *supra*, 2 Cal.3d at p. 564 [presumption of correctness]; *Cardinal Health*, *supra*, 169 Cal.App.4th at p. 155 ["trial court is presumed to know and understand the applicable law"].)

C.    Use of the Lodestar Method

Another of John's arguments that the trial court determined attorney fees were mandatory is reflected in his contention "the trial court erroneously determined it could award attorney's fees requested as mandatory under the 'lodestar method', instead of exercising discretion under CCP §527.6." John also contends Maria argued the "lodestar method was required here." These contentions suggest we should infer the trial court determined an award of attorney fees was mandatory because the trial court employed the lodestar method to determine the *amount* of reasonable attorney fees it awarded.

We have reviewed the August 2022 order, including its discussion of the lodestar method which begins: "The primary method for establishing the amount of reasonable attorney's fees is the lodestar method." This statement about the primary method does not indicate the award itself was mandatory and does not even establish the court thought it was required to use the lodestar method. Further, our review has located nothing in the order expressly stating or implying that the award of attorney fees was mandatory. Also, inferring the court reached the legal conclusion that fees were mandatory indirectly conflicts with the following statement and citation in the order: "The court finds that, in this action, [Maria] is the prevailing party. [Rule] 8.278(a)(2); *Adler v. Vaicius* [(1993)] 21 Cal.App.4th 1770, 1776–1777."

The citation to *Adler* is significant. The plaintiff in *Adler* sought and received a temporary restraining order before dismissing the action with prejudice. (*Adler v. Vaicius*, *supra*, 21 Cal.App.4th at p. 1773.) After the dismissal, the defendant filed a motion for attorney fees as the prevailing party under section 527.6, subdivision (h), which was the statute's attorney fees provision at that time. (*Adler*, at p. 1774.) The trial court granted the defendant's motion and awarded him $975 in attorney fees. (*Ibid*.) The plaintiff appealed the award. (*Id*. at p. 1772.) The appellate court affirmed, stating the defendant "is entitled to costs and attorney fees here because section 527.6, subdivision (h), specifically provides for them, in the court's discretion, to a prevailing party. (See also § 1033.5, subd. (a)(10)(B).)" (*Adler*, at p. 1777.) The appellate court also referred to the trial court's discretionary authority in concluding "the court did not abuse its discretion in awarding [the defendant] attorney fees under section 527.6, subdivision (h)." (*Ibid*.) Because the August 2022 order cited *Adler* and *Adler* plainly states that an award of attorney fees in an action under section 527.6 is discretionary, we infer the trial court in the present case was familiar with the contents of *Adler* and, thus, was aware the decision to award attorney fees to Maria was committed to its discretion

31.

rather than mandatory. (See *Krug*, *supra*, 172 Cal.App.4th at p. 802 [award of fees under § 527.6 is committed to trial court's discretion].)

Consequently, we reject the contention that the trial court determined the award of attorney fees was mandatory and failed to understand it was required to exercise its discretion on the threshold issue of whether Maria should recover *any* fees.

D.     Failure to Exercise Discretion as to the Amount of Fees

John also contends the trial court did not exercise its discretionary authority to determine the amount of reasonable attorney fees. We reject this contention because it is based on the same types of misinterpretations of the trial court's order discussed above and in parts IV.C. and IV.D. below.

E.     Fees Related to John's Petition for Review

John contends the trial court erred in allowing Maria to recover $675 for 4.5 hours spent by Harralson's law clerk in connection with the petition for review John filed in the Supreme Court. On December 29, 2020, the law clerk recorded 2 hours for reading and analyzing the petition. The next day, he billed 2.5 hours for research on issues raised in the petition. John asserts the $675 is unallowable because Maria did not appear in the Supreme Court case and the court denied his petition.

In part I.B. of this opinion, we considered the meaning of the statutory phrase "in an action" and concluded John's appeal to this court constituted part of the "action" and, therefore, section 527.6, subdivision (s) authorizes an award of attorney fees on appeal. Likewise, we conclude John's petition to the Supreme Court is a part of the "action" and fees reasonably incurred in connection with that petition can be recovered under section 527.6, subdivision (s). As a result, Maria was not precluded from recovering the $675 incurred reviewing and analyzing the petition and researching issues it raised. Furthermore, the trial court did not abuse its discretion in determining the time was reasonably incurred because that determination is not arbitrary, capricious, or patently

32.

absurd.  (See *Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 615–616 [attorney fee award reviewed for an abuse of discretion].)  For instance, the court may have determined it was reasonable to review the petition and conduct research before deciding whether to "file an answer responding to the issues raised in the petition."  (Rule 8.500(a)(2).)

IV.   RIGHT TO A FAIR AND IMPARTIAL HEARING*

John contends the trial court abused its discretion and violated his constitutional right to due process by denying him a fair and impartial hearing on August 3, 2022.  First, John contends the court cut off or discontinued oral argument.  Second, he contends the court failed to consider his motions to strike or tax Maria's cost memorandum and her fee motion.  Third, his request that the court be directed on remand to take live testimony implies John believes the court violated his right to present testimony or cross-examine Harralson about the time billed for the appeal.

   A.   Right to Oral Argument at the Hearing

Our analysis of John's contention that the trial court erred by cutting off or discontinuing oral argument at the August 2022 hearing begins with the principles of law that define when a hearing on a motion is required.  One secondary authority sets forth the following general rule:

> "*Oral Argument Is Discretionary*.  The judge is not required to listen to oral argument on a motion, but has discretion to decide the matter solely on the basis of supporting affidavits."  (6 Witkin, Cal. Proc. (6th ed. 2021) Proceedings Without Trial, § 34, p. 508 [nature of hearing]; see *Diaz-Barba v. Superior Court* (2015) 236 Cal.App.4th 1470, 1490.)

Another secondary authority states:  "**Right to hearing on certain motions**:  A right to a full hearing is recognized where required by statute and on 'critical pretrial matters.' " (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter

---

\*      See footnote, *ante*, page 1.

33.

Group 2024) ¶ 9:165, p. 9(I)–137 (Weil & Brown), citing *Titmas v. Superior Court* (2001) 87 Cal.App.4th 738, 742.) The practice guide identifies eight types of motions where a hearing has been required. (Weil & Brown, *supra*, ¶¶ 9:165.11–9:165.18, pp. 9(I)–138 to 9(I)–139.) Motions for attorney fees and motions to tax costs are not among them. After its list of motions, the practice guide states: "In other law and motion matters, the nature and amount of argument permitted rests entirely within the judge's sound discretion." (Weil & Brown, *supra*, ¶ 9:166, pp. 9(I)–139.)

Here, Maria's attorney fees motion and John's motions to strike or tax do not constitute "critical pretrial matters" as that phrase is used in *Titmas v. Superior Court*, *supra*, 87 Cal.App.4th at p. 742. Accordingly, we proceed to the question whether a hearing and oral argument are "required by statute." (Weil & Brown, *supra*, ¶ 9:165, p. 9(I)–137.) The first step is to look at the words of the statute. (*TJX Companies, Inc. v. Superior Court* (2001) 87 Cal.App.4th 747, 751.) Here, section 527.6, subdivision (s) does not employ terms such as "heard," "hearing," or "argument." Similarly, neither Rule 3.1700 nor Rule 3.1702 use these terms. Based on the plain meaning of text of the statute and rules of court, we conclude they do not require a hearing or oral argument on an attorney fees motion or a motion to strike or tax costs or attorney fees. (Cf. *Brannon v. Superior Court* (2004) 114 Cal.App.4th 1203, 1211 ["applicable statutes and rules require a party be given the opportunity to orally argue a summary judgment motion"].) Consequently, we conclude whether a hearing is held on those motions and the nature and amount of oral argument permitted is committed to the trial court's discretion.

Having determined the applicable legal standard, we apply that standard to the facts of this case and consider whether the trial court abused its discretion by limiting John's presentation of oral argument at the August 2022 hearing. We conclude there was no due process violation and no abuse of discretion because (1) there was no right to a hearing, (2) John presented his argument about the missed deadline, and (3) it is unclear from the reporter's transcript that the trial court cut off John's argument.

34.

On the last of these points, after John presented his argument about the missed deadline, the trial court said: "Okay. Give me just a second. I want to see one more thing." John then stated: "And that would be extremely prejudic[ial] if this wasn't done by Rule of Court and the law." The court said: "Okay. Mr. Harralson, I don't know if you needed to …," which suggested that a rebuttal argument was not necessary. From the reporter's transcript, we cannot determine the amount of time that passed before and after the court said "[o]kay" and, therefore, cannot determine whether the court cut short John's argument or paused to give him an opportunity to say more.

Similarly, we cannot determine from the reporter's transcript whether the trial court gave John an opportunity to raise additional points or to object to the matter being taken under submission after the court stated: "I understand. All right. The Court will take the matter under submission and issue its ruling shortly. Okay. Thank you." The court may have paused before or after saying "[a]ll right" and "[o]kay" and provided John an opportunity to raise additional points or object. As a result, we cannot conclude the court's handling of the hearing exceeded the bounds of reason—that is, was arbitrary or capricious. (*Denham*, *supra*, 2 Cal.3d at p. 566 [discretion is abused when the court exceeds the bounds of reason]; see *Haraguchi v. Superior Court*, *supra*, 43 Cal.4th at p. 712 [arbitrary and capricious test for an abuse of discretion].)

B.    Live Testimony

To the extent John contends the trial court violated his due process rights by failing to allow him to present testimony or to cross-examine Harralson, we consider Rule 3.1306, which provides:

> "(a) **Restrictions on oral testimony**[.] Evidence received at a law and motion hearing must be by declaration or request for judicial notice without testimony or cross-examination, unless the court orders otherwise for good cause shown. [¶] … [¶]
>
> "(b) **Request to present oral testimony**[.] A party seeking permission to introduce oral evidence, except for oral evidence in rebuttal to oral

evidence presented by the other party, must file, no later than three court days before the hearing, a written statement stating the nature and extent of the evidence proposed to be introduced and a reasonable time estimate for the hearing. When the statement is filed less than five court days before the hearing, the filing party must serve a copy on the other parties in a manner to assure delivery to the other parties no later than two days before the hearing."

John has not shown he complied with Rule 3.1306 or otherwise asked to call a witness or to cross-examine Harralson. Without such a request, the issue was not raised in the trial court. Therefore, he has not shown the court abused its discretion or violated his rights to due process regarding the presentation of oral testimony or cross-examination at the August 2022 hearing. (See *City of Crescent City v. Reddy* (2017) 9 Cal.App.5th 458, 465 [trial court did not err in denying request to present live testimony at motion hearing where party failed to comply with requirements of Rule 3.1306].)

      C.     <u>Failure to Consider John's Motions</u>

It is relatively easy for an appellant to contend a trial court failed to consider or evaluate a matter. (See *Gonzales v. Interinsurance Exchange* (1978) 84 Cal.App.3d 58, 63 ["consider" refers to the mental process of weighing of evidence].) However, it is difficult for an appellant to demonstrate a court did not mentally evaluate a particular point, argument, or piece of evidence before reaching its decision. Part of the difficulty in establishing such a failure arises from the "fundamental principle of appellate procedure that a trial court [order or] judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Under this principle, all presumptions are indulged to support the trial court order "on matters as to which the record is silent, and error must be affirmatively shown." (*Denham*, *supra*, 2 Cal.3d at p. 564.) This presumption of correctness and the allocation of the burden to the appellant

is part of California's constitutional doctrine of reversible error. (*Ibid.*; see Cal. Const., art. VI, § 13.)

Here, the record is not silent as to what the trial court considered. The first sentence of its order stated: "The court, having read the Motions and Opposition, and the Reply briefs, and accompanying exhibits and declarations, finds as follows[.]" On the order's last page, the court stated: "Having reviewed the pleadings filed in connection with this motion, the arguments of the parties, the billing entries submitted by counsel, the course and history of this litigation, the court finds that certain billing entries were vague or duplicative." In light of these statements about what the court had read and reviewed, we conclude John has failed to carry his burden of demonstrating the court, in fact, did not consider his motions and the written arguments and evidence presented in support of his motions.

D.      Failure to Rule on John's Motions and Objections

John also contends the trial court did not determine his motions. This contention appears to be based on the lack of an explicit ruling on John's motions in the trial court's August 5, 2022 order. Instead, the final two sentences of the order stated: "Therefore, the court finds that a reasonable award of attorney's fees incurred in the appeal of this matter, and recoverable as an item of cost, is $16,258.50. [¶] IT IS SO ORDERED." Thus, the order was not phrased in terms of granting or denying the various motions pending before the court. Instead, the order resolved the issues presented by Maria's attorney fees motion and John's motion to strike by deciding the amount of reasonable attorney fees to be recovered by her. Because the issues presented in the motion were decided based on the court's ultimate conclusion about reasonable attorney fees and because John has not presented any authority suggesting that the trial court was obligated to expressly set forth its ruling on each argument or issue raised, we conclude John has

not demonstrated that the trial court failed to decide his motion to strike attorney fees or the issues raised in that motion.

Next, we address the absence of an explicit ruling on John's motion to strike the memorandum of costs on appeal, which claimed only the $390 appearance fee Maria paid to this court. John's sole challenge to that claim was the untimely filing of the memorandum. The timeliness issue will be addressed on remand. (See pt. II.C., *ante*.)

When the trial court resolves the timeliness issue by determining whether, on its own motion, to grant a two-day discretionary extension, the court will have the opportunity to explicitly state—either orally on the record or in writing—its ruling on (1) motions relating to attorney fees and (2) John's motion to strike or tax the memorandum of costs. At that point, the trial court also may choose to address what John has labeled his "OBJECTION AND OPPOSITION" to Harralson's declaration despite the objections not being evidentiary in nature. (See *U.S. v. Catabran* (9th Cir. 1988) 836 F.2d 453, 458 [objections to accuracy of printout went to its weight, not its admissibility].)

V.      SUMMARY[*]

We express no opinion on how the trial court should rule on the issues identified in this summary.

A.      Attorney Fees

On remand, the trial court shall decide in the first instance whether to exercise its discretionary authority under Rule 3.1702(d) and grant Maria a two-day extension on the filing of her motion for attorney fees. Before making that decision, the court shall give the parties the opportunity to submit evidence on the existence of "good cause" for the extension and whether an extension would be prejudicial to John. (See § 2009 [use of affidavits]; Rule 3.1306(a) [use of declaration to present evidence for a law and motion

---

[*]      See footnote, *ante*, page 1.

38.

hearing].) The decisions to (1) conduct a new hearing, (2) allow witnesses to testify, and (3) allow oral argument are all committed to the trial court's discretion.

If the trial court decides not to grant an extension of time, it shall deny Maria's motion for attorney fees on the ground it is untimely. Alternatively, if it decides to grant an extension, it may either (1) reinstate its earlier determination to award Maria attorney fees under section 527.6, subdivision (s) along with its determination that the reasonable amount of those fees is $16,258.50 or (2) revisit one or both of those determinations.

### B. Memorandum of Costs

Similarly, in ruling on John's motion for order to strike Maria's memorandum of costs, which claims a $390 appearance fee, the trial court shall decide whether to exercise its discretionary authority under Rule 3.1700(b)(3) and grant Maria a two-day extension to file her memorandum of costs on appeal.

### C. Recommendation

Finally, we do not require but recommend, for clarity in communicating with a self-represented litigant, the trial court expressly state on the record, either orally or in writing, how it is ruling on each of the various motions pending before it. (See generally, *Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 809–813 [communicating with self-represented litigants]; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1285 [Fourth District stated a judge should "make sure any communication from the court is clear and understandable, and does not require translation into normal-speak"].)

### DISPOSITION

The order awarding attorney fees is vacated and the matter remanded for further proceedings not inconsistent with this opinion, which shall include, without limitation, the trial court's consideration and determination of the timeliness of (1) the memorandum of costs on appeal and (2) the motion to determine and to fix the amount of attorney fees.

Because the ultimate outcome of the requests for attorney fees and costs is not resolved in this appeal, we conclude it is in the interests of justice for the parties to bear their own costs in this appeal. (Rule 8.278(a)(5).)

SMITH, J.

WE CONCUR:

LEVY, Acting P. J.

DETJEN, J.